This cause was tried in the Superior Court of the city of New York, before the Chief Justice and a jury. On the trial, evidence offered by the defendants was rejected, and exceptions taken. The action was to recover the amount of two checks made by the defendants, payable to bearer, and transferred to the plaintiff, payment of which had been stopped. The defence was, that the checks had been obtained by one Sollenger and others, fraudulently and without consideration. Whilst the defendants were giving evidence in relation to the origin and consideration of the checks, and the habits of dealing between them and Sollenger and others, the judge intimated that it was unnecessary to pursue that branch of the case further, as it was evident that Sollenger and the parties concerned with him could not recover upon the checks, and that no further testimony was required upon that point. It was shown that Sollenger, after having received the checks, transferred them to the plaintiff, and it was claimed by the latter that they were passed to him in absolute payment of a pre-existing debt of Sollenger, without notice that they were *Page 212 
accommodation checks. The only proof offered to show that they were received and applied in payment and discharge of the debt, was a credit of their amount entered on the salesbook of the plaintiff, the day they were passed to him, but several hours after Sollenger had left. Without submitting to the jury the question, whether the checks had been received in payment and extinguishment of the Sollenger debt, the judge assumed the fact, and stated, "that, in his judgment, there was but a single point in the case, and that was, whether, notwithstanding Sollenger and the others concerned with him could not recover upon the checks, the plaintiff was a holder for value from them in such a way as to entitle him to recover upon the checks; that he would reserve the point as to whether, under the evidence, the plaintiff was entitled to recover, for the consideration of the general term; and that, in the meantime, he would direct the jury to render a verdict for the plaintiff, for four hundred and eight dollars and sixteen cents (the amount of the checks and interest), subject to the opinion of the court on a case to be made and to be heard in the first instance, at the general term." The case was taken from the jury, and heard at the general term, and judgment rendered for the plaintiff; and the questions or conclusions of law, together with a statement of the facts upon which they arose, was prepared by and under the direction of the general term, and filed with the judgment roll, for the purpose of a review in this court.
This was plainly a mistrial. The judge trying the cause directed a verdict for the plaintiff, subject to the opinion of the court at the general term. This was really what was done. It was not a case where exceptions were taken, and, instead of going to the special term, the judge directed them to be heard in the first instance at the general term, and in the meantime suspended judgment. The defendants had taken various exceptions to the rulings of the judge, rejecting evidence offered by them; and the facts entitling the plaintiff to recover, if at all, were controverted. The defendants had the right to have the questions raised by their exceptions considered *Page 213 
upon an application for a new trial, if the verdict was against them; and unless an uncontroverted state of facts was presented, involving only questions of law, the judge, at the trial, had no authority to direct a verdict subject to the opinion of the court at general term. The effect of the order was to deprive the defendants of an opportunity of having their exceptions considered, either at special or general term; and to have the general term and not the jury, from the evidence, find the facts upon which the questions of law arose. The general term did substantially find them in this case, and upon such finding, came to the legal conclusion that the plaintiff was a holder of the checks for value, so as to be entitled to recover upon them, and rendered judgment in his favor.
There are but two cases where the general term can, before judgment and in the first instance, review the proceedings upon the trial. One is, when the judge trying the cause, directs the exceptions of the unsuccessful party to be heard in the first instance at the general term; the other, when there are no exceptions taken in the progress of the trial, upon any questions of evidence, and the facts upon which the questions of law arise, are uncontroverted. In the former case the general term either grants a new trial or renders final judgment. In the latter case, it renders final judgment in favor of either of the parties, who, upon the conceded state of facts, is legally entitled to it. When the general term renders judgment upon a verdict subject to the opinion of the court, for the purpose of a review here, the questions or conclusions of law, together with a concise statement of the facts upon which they arose, are to be prepared by and under the direction of the court, and are to be deemed part of the judgment roll (Code, § 333), and we may review the questions of law involved in the rendition of the judgment, in the same manner and with the like effect as if exceptions had been taken at the proper time (Code, § 265). It is not contemplated that there is to be finding of facts from the evidence, by the court at general term. The only statement of facts that the court is authorized to make, are those uncontroverted and conceded on the trial. It was *Page 214 
necessary, in this case, before the question of law, whether the plaintiff was entitled to recover, could arise, that the fact should be ascertained and found by the jury, the only tribunal competent to find it, that the checks were taken by the plaintiff, without notice of the purpose for which they were delivered to Sollenger, in absolute payment and extinguishment of the Sollenger debt. But this question was withdrawn from the consideration of the jury, and the fact substantially found by the court, on which they predicated their conclusion of law, that the plaintiff was a holder of the checks for value, so as to be entitled to recover. If we are, therefore, to review questions of law arising in this case, it must be, not upon a state of facts conceded on the trial, but found from the evidence by the court. The judge trying the cause, has only authority to direct a verdict, subject to the opinion of the court at general term, and the general term to render judgment, when upon the trial, the case presents only questions of law.
I think there was a mistrial, and for that reason the judgment should be reversed, and the case sent down for another trial. It is true that the defendant's counsel did not object to the disposition of the case made by the judge, who tried it; but that cannot cure the irregularity or give vitality to an unauthorized order. Besides, we can review only questions of law arising upon facts uncontroverted or found by the jury
Judgment reversed.