## JOSEPH S. HUNTINGTON, Appellant, v. HORACE B. CLAFLIN et al., Respondents.

*Complaint—Dismissal—Contract—Part Performance.*

Where the Plaintiff disqualifies himself from completing his contract by reason of his intemperance, and is for that reason discharged, he cannot recover thereon.

CLERKE, J.—From the Plaintiff's own evidence it appears that, in January, 1859, he renewed an agreement with the Defendants, by which he agreed to sell goods for them, and to receive a commission of one per cent. on all the goods sold; he was to draw $100 per month to live upon—the balance to remain until the 1st of January thereafter; and, if he did not remain until that time, he agreed to forfeit the balance coming to him.

The same arrangement seems to have been continued for 1860. The Plaintiff says there was no new arrangement made for 1860; therefore, that of 1859 was to be continued, neither party having given any notice to the contrary to the other, although Mr. Claflin says it was continued by the express agreement of both parties. The Plaintiff admits that the arrangement of 1859 " continued through the whole period."

Between January 1st, 1860, and 23d November, 1860, the Plaintiff made sale of goods for the Defendants to the amount of $275,000, which, at the rate of one per cent. commission, would entitle him to the sum of $2,750, of which sum $1,900 had been paid, leaving due to him, if he had fulfilled his agreement, $850, for which, with interest, he demands judgment.

The answer denied each and every allegation in the complaint.

On the trial the Plaintiff testified to the terms of the agreement, which was continued in 1860; that he became intemperate, and was frequently intoxicated in the store, until, at last, Mr. Claflin discharged him on the 23d or 24th of November, 1860.

Thus, by his own fault, he was made incapable of fulfilling his

agreement by remaining in the store till the end of the year; and he forfeited the balance that was due him.

The commission was to be one per cent. on all the goods he sold, provided he remained there; he did not remain there in consequence of his, misconduct, and he is not entitled, according to his own showing, to the balance he claims.

The complaint was properly dismissed. The exceptions to the rulings at the trial are clearly untenable.

As to the objection that there was mistrial in ordering judgment to be suspended, and the exceptions to be heard, in the first instance, at the General Term, this case does not come within the decision in Purchase *v.* Matteson (25 N. Y. 211).

The evidence here was not conflicting; although evidence was taken on both sides, no material part of it was conflicting.

As to the decision in Hoagland *v.* Miller (16 Abb. 103), that it is a mistrial to direct that an exception to the dismissal of the complaint be heard at the General Term, in the first instance, I understand this is at variance with the practice invariably recognized by this Court.

The judgment should be affirmed, with costs.

All affirm.

JOEL TIFFANY,
State Reporter.