## STEPHEN C. JOHNSON, PLAINTIFF, _v._ THE NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, DEFENDANT.

_Practice_ — _a County Court cannot order exceptions to be heard in the first instance at the General Term_ — _Code of Civil Procedure, sec._ 1000.

A County Court has no power, upon the trial of an action, to nonsuit the plaintiff and order the exceptions to be heard in the first instance at the General Term, staying all proceedings in the meantime.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed upon the trial of the action in the County Court of Delaware county.

This action was originally brought in the Delaware County Court to recover damages for an alleged unlawful ejection from one of the defendant's trains, and a verdict was rendered for the plaintiff for $125 and costs. A motion before the Special Term on a case and exceptions for a new trial was denied. The plaintiff entered judgment and the defendant appealed to the General Term where the order and judgment was reversed and a new trial directed.

The case was subsequently retried with the result first above stated.

_S. C. Johnson_, for the plaintiff.

_N. C. & M. W. Marvin_, for the defendant.

BOARDMAN, J.:

This action was tried in the Delaware County Court and the plaintiff was nonsuited. The County Court then ordered the exceptions taken to be heard in the first instance at the General Term, staying proceedings in the meantime. This is a novel practice and no precedent or authority for it can be found. The County Court is not a branch or part of the Supreme Court as is the Circuit or Special Term. No power is expressly given to the County Court to make such an order. If it possesses such authority it is by virtue of section 1000 of the Code of Civil Procedure. The language is broad enough to embrace a county judge, but there are difficulties in giving it such construction. The General Term under such orders must render the judgment. We have the anomaly then of the pro-

cess, pleadings and trial in County Court, while the judgment is to be rendered in the Supreme Court. Doubtless the broad language was used to take effect in other courts than the Supreme, where such other courts had trial terms and general terms, such as New York Court of Common Pleas, New York Superior Court, Buffalo Superior Court and others. But a County Court has no general terms to which it can send a case. (Sec. 355.) Its decisions are reviewed by appeals, and so far as I can find by appeal only. (Code, §§ 1340, 1342.) By section 343 the Supreme Court may remove by order an action from the County Court to the Supreme Court. By such an order all the pleadings, etc., are taken with the cause to the Supreme Court. But the County Court has no power to divest itself of the jurisdiction given it by statute and delegate its power to give judgment to another court.

An examination of very many cases shows no instance of such an order made in the County Court. It is not believed such a practice was contemplated by the framers of the Code, or that its language fairly leads to such a result. Nor do we think it wise or profitable for such a power to be exercised by county courts.

The Code (§§ 1185 and 1234) provides that a verdict may be ordered by the judge upon the trial of an issue by the jury, when no question of fact is involved, subject to the opinion of the court. The motion for judgment in such case must be made at the General Term. Yet no one, we think, has ever entertained the idea that such an order might be made by the County Court.

There were several questions of fact which the plaintiff insists were proper for the jury, such as the reasonableness of the place where the train was stopped and he put off, the waiver of the right to demand additional compensation to that paid, etc.

If in fact there were any questions of fact to be submitted to the jury it would have been a mistrial on the part of a judge to order a verdict subject to the opinion of the court. (*Purchase* v. *Matteson*, 25 N. Y., 211.) That case is not overruled by *Huntingdon* v. *Claflin* (38 id., 183).

If, however, there were no questions of fact to be determined the learned county judge was controlled, as we must be, by our former decision in this case. The evidence is substantially the same as on the former trial. Mr. Justice LANDON, in delivering the opinion

of the General Term, then said: "We do not think there was any question to submit to the jury. * * * He (plaintiff) was put off * * * in a lawful place. * * * He may complain of the law, but not that the defendant did not keep within it."

Adhering to our former decision the motion for a new trial, if properly before us, should be denied and judgment ordered for the defendant on the nonsuit, with costs.

But upon the first ground stated we think we have no jurisdiction of the exceptions or to hear the motion, and the proceedings in this court should for that reason be dismissed.

LEARNED, P. J., and BOCKES, J., concurred.

Motion for new trial dismissed for want of jurisdiction.