GEORGE H. W. CURTIS, Appellant, *v.* THE WHEELER AND
WILSON MANUFACTURING COMPANY, Respondent.

Where, on trial at Circuit, a verdict is directed by the court, and exceptions
are ordered to be heard in the first instance at General Term, an appeal
from the judgment brings up nothing for review except questions pre-
sented by the exceptions, ·and so, where the direction of the verdict is
not excepted to, the question as to its propriety may not be considered
on the appeal.

*Purchase* v. *Matteson* (25 N. Y. 211), distinguished.

(Argued February 28, 1894; decided March 13, 1894.)

APPEAL ·from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made June 29, 1892, which overruled plaintiff's
exceptions and directed judgment in favor of defendant upon
a verdict directed by the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Howard A. Sperry* for appellant. The court at the trial of
this action directed a verdict for the defendant, although the
evidence was conflicting, with exceptions to be heard in the
first instance at the General Term, and that court, after hear-
ing the exceptions, directed a judgment for the defendant;
this was error. (*Purchase* v. *Matteson*, 25 N. Y. 211; Code
Civ. Pro. §§ 1000, 1336.) Plaintiff urges that, even if the
jury found a verdict against him, the exceptions to the evi-
dence ·would have warranted a new trial. (*Huntingdon* v.
*Claflin*, 38 N. Y. 183; *Cuff* v. *Dowland*, 57 id. 565.)

*Miron Winslow* for respondent. · The defendant set up as
an affirmative defense an agreement subsequent to the date
of the contract by the plaintiff, by which the plaintiff agreed
for certain considerations to release his alleged claim under his
alleged contract, which claim was disputed by the defendant.
The rule that settlement for a less sum, after debt is due, is not

good by way of accord and satisfaction, does not apply where the claim is disputed. (*People ex rel. v. Buffalo Asylum*, 96 N. Y. 640; *Jeffray* v. *Davis*, 124 id. 164.) There was no error in the direction by the court to the jury to find a verdict for the defendant. (*Herring* v. *Hoppock*, 15 N. Y. 409, 413; *Wild* v. *H. R. R. Co.*, 24 id. 433; *Corning* v. *T. I. & N. Factory*, 44 id. 577, 594; *Neuendorff* v. *W. M. L. Ins. Co.*, 69 id. 388, 393; *Dwight* v. *G. L. Ins. Co.*, 103 id. 359; *Lovell Co.* v. *Houghton*, 116 id. 529; *Bulger* v. *Rosa*, 119 id. 464; *Wylde* v. *N. R. R. Co.*, 53 id. 156; *Bruce* v. *Kelly*, 7 J. & S. 27; *Lynch* v. *Pyne*, 10 id. 11; *Kehr* v. *Stauf*, 12 Daly, 115, 117; *Molloy* v. *N. Y. C. R. R. Co.*, 10 id. 453; *Boyd* v. *Colt*, 20 How. Pr. 384; *T. M. Co.* v. *Foster*, 51 Barb. 346, 351; 41 N. Y. 620; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 id. 356.) No exception appears to have been taken by the plaintiff to the ruling of the court directing a verdict for the defendant; consequently the plaintiff is not in a position to raise the question upon appeal whether such ruling was erroneous. (*Emmons* v. *Wheeler*, 3 Hun, 545; *People* v. *Buddensieck*, 103 N. Y. 501; *Briggs* v. *Waldron*, 83 id. 582, 586; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 27; *S. O. Co.* v. *A. Ins. Co.*, 79 id. 506, 510; *Duryea* v. *Vosburgh*, 121 id. 57, 62; *Schwinger* v. *Raymond*, 105 id. 648.)

EARL, J. The plaintiff sought in this action to recover from the defendant the balance alleged to be due to him for the purchase price of a patent sold and assigned by him to it. The allegations of the complaint are put in issue by the answer, and the defendant also alleged a counterclaim for which it prayed judgment. The action has been twice tried. Upon the first trial the plaintiff recovered a verdict, and upon appeal to the General Term from the judgment entered thereon the court reversed the judgment, and granted a new trial, on the ground that the verdict of the jury was against the weight of evidence. The cause came to trial a second time, and during the progress of the trial the plaintiff took several exceptions to the rulings of the trial judge upon questions of

evidence. At the close of all the evidence the counsel for the defendant requested the court to direct a verdict in its favor for the amount of its counterclaim, and such a verdict was directed. The plaintiff took no exception to the direction of the verdict, and the court ordered the exceptions (there being none except those above mentioned) to be heard in the first instance at the General Term, and judgment was ordered for the defendant upon the verdict, and this appeal is from that judgment.

We have considered the exceptions taken by the plaintiff during the progress of the trial, and it is very clear that none of them point out any error, and, indeed, none of the exceptions were orally argued before us.

The sole contention of the plaintiff's counsel upon the argument was that a verdict ought not to have been directed, and that the case should have been submitted to the jury. There is no exception which presents that question for our consideration. The plaintiff acquiesced in the direction of a verdict. If the evidence was conflicting and the plaintiff claimed that he had made a case for the consideration of the jury he should have taken an exception to the direction of a verdict. He strenuously contends, however, that his position is the same as if he had taken an exception to the direction of the verdict, and calls our attention to the case of *Purchase* v. *Matteson* (25 N. Y. 211), as an authority for his contention. That case bears no analogy to this, and is not an authority here. There the court directed a verdict subject to the opinion of the court at General Term, and the practice there pointed out is applicable to such a case. Here no verdict was directed subject to the opinion of the court. The direction of the verdict was absolute, and the exceptions were ordered to be heard in the first instance at the General Term. In such a case nothing is before the General Term but the exceptions taken upon the trial, and as those exceptions were not well taken the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.