FRANK GARTNER, Appellant, *v.* JACOB GOODMAN, Defendant, Impleaded with JACOB KOSLOWSKI, Respondent.

Third Department, May 3, 1922.

Motor vehicles — action for injuries to plaintiff's automobile — trial — motion by defendants at close of entire case to dismiss complaint, for nonsuit, and for directed verdict — decision reserved to await verdict without objection by either party — verdict for plaintiff set aside by trial court — verdict not against evidence and judgment should be reversed — Appellate Division has power to restore verdict and direct judgment thereon — Civil Practice Act, § 584, construed and applied.

In an action to recover for injuries to plaintiff's automobile, the defendants, at the close of the plaintiff's case, moved to dismiss the complaint and for a nonsuit on the ground that the plaintiff had failed to make out a case. That motion was denied and at the close of the entire case the defendants renewed their motion and also moved for the direction of a verdict. The court, without objection from either party, reserved its decision on the motion till the coming in of the verdict of the jury, and it then granted the motion made at the close of the case to dismiss the complaint, and set aside the verdict in favor of the plaintiff.

*Held*, on all the evidence, that the verdict of the jury in favor of the plaintiff was sustained by the evidence and should not have been set aside by the trial court, and the judgment entered upon the order setting aside the verdict should be reversed.

The Appellate Division, under section 584 of the Civil Practice Act, has the power to restore a verdict that has been set aside by the trial court and to direct that judgment be entered thereon.

COCHRANE, P. J., and HINMAN, J., dissent.

APPEAL by the plaintiff, Frank Gartner, from a judgment of the Supreme Court in favor of the defendant Jacob Koslowski, entered in the office of the clerk of the county of Saratoga on the 23d day of June, 1921, upon the dismissal of the complaint by direction

12

of the court at the close of the case, and also from an order entered in said clerk's office on the same day, setting aside the verdict of a jury for $200.

*Leary & Fullerton* [*William L. Cohn* of counsel], for the appellant.

*Naylon, Robinson, Maynard & Bates* [*Chatfield T. Bates* of counsel], for the respondent.

VAN KIRK, J.:

The action was brought to recover damage done to plaintiff's automobile, which he was driving from Ballston towards Schenectady, and which collided with an automobile truck, owned by the respondent, which was standing at the side of the State road and had not the lights required by statute. (See Highway Law, § 286, subd. 2, added as subd. 1 by Laws of 1910, chap. 374, as renum. and amd. by Laws of 1918, chap. 540; since amd. by Laws of 1921, chap. 580.) The collision occurred about seventhirty in the evening of October 27, 1920. After an examination of the record we are satisfied that there was evidence which justified the court in leaving to the jury to determine whether the collision was due to negligence on the part of the defendants and whether or not it was contributed to by negligence on the part of the plaintiff; also as to the amount of damage suffered.

At the close of the evidence the respondent renewed the motion made at the close of the plaintiff's case and also moved for the direction of a verdict. The court ruled: " I will reserve decision on the motion and take the verdict of the jury." The respondent's motion at the end of the plaintiff's case was for a dismissal of the complaint and a nonsuit on the ground that plaintiff had failed to make out a case. Neither party took objection to the court's ruling reserving the decision on respondent's motion. The jury rendered a verdict in favor of the plaintiff for the sum of $200. The court then said: " I now grant the motion made at the close of the case to dismiss the complaint, and set aside the verdict." The court made an order, dated June 20, 1921, reciting that " the defendant at the close of all the testimony upon said trial having regularly renewed his motion to dismiss the complaint and regularly moved for a direction of a verdict in favor of the defendant on the ground that a cause of action had not been established against the defendant, and Justice JAMES McPHILLIPS, presiding at said trial, having reserved decision upon said renewed motion and said motion for a direction of a verdict, and neither party having objected to the reservation of the decision of Justice JAMES McPHILLIPS on said motion, and said case having gone to the jury and the jury having brought in a verdict in favor of the plaintiff, in amount

two hundred dollars ($200.00); Now, therefore, be it ordered that the said motions of the defendant be and the same are granted and said verdict set aside with costs to the defendant." A judgment that the defendant recover of the plaintiff the sum of $71.58, costs as taxed, was thereupon entered.

In reserving his decision upon the motion for a nonsuit and dismissal of the complaint, neither party objecting, and taking the verdict of the jury and thereafter deciding the motion, the trial court followed practice that is approved. (*Bail* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 355.) The jury rendered a verdict for the plaintiff in the sum of $200. The court set aside the verdict and dismissed the complaint. There was evidence in the case which justified the jury in finding a verdict against the defendant in the amount fixed by the jury. The judgment appealed from must, therefore, be reversed.

Appellant asks that the verdict be restored and judgment directed for the plaintiff. The record contains all of the evidence, rulings and exceptions. We have examined the record and find no error in any ruling of the trial court which affected a substantial right of the defendant. (Civil Practice Act, § 106.) The record discloses no ground on which the verdict should be set aside. In restoring the verdict we are not deciding any disputed question of fact in the first instance, but are directing a judgment as found in the trial court by the jury. This the court could have done, it seems, before the amendment made by chapter 380 of the Laws of 1912 to section 1317 of the Code of Civil Procedure, which took effect September 1, 1912. (*Purchase* v. *Matteson*, 25 N. Y. 211; *Benedict* v. *Arnoux*, 154 id. 715, 726; *Niemoller* v. *Duncombe*, 59 App. Div. 614; affd., without opinion, 172 N. Y. 621.) In the *Niemoller* case the same practice had been followed as was followed in the case at bar under similar circumstances. The trial court, after reserving a motion to dismiss and taking the verdict of a jury, which found for the plaintiff, dismissed the complaint. Neither party took objection to the reservation of the motion. The Appellate Division said: " The case is, therefore, to be regarded as one in which the Appellate Division may direct such judgment as either party may be entitled to under section 1187. This also appears to have been the view of both parties in preparing the case which contains the exceptions on both sides."

Section 1317, as amended, reads: " Upon an appeal from a judgment or an order, the Appellate Division of the Supreme Court, or Appellate Term, to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from, and each interlocutory judgment or intermediate

order, which it is authorized to review, as specified in the notice of appeal, and as to any or all of the parties. It shall thereupon render judgment of affirmance, judgment of reversal and final judgment upon the right of any or all of the parties, or judgment of modification thereon, according to law, except where it may be necessary or proper to grant a new trial or hearing, when it may grant a new trial or hearing. When a trial has been before a jury, the judgment of the appellate court must be rendered either upon special findings of the jury or the general verdict, or upon a motion to dismiss the complaint or to direct a verdict. A judgment, affirming wholly or partly a judgment, from which an appeal has been taken, shall not, expressly and in terms, award to the respondent a sum of money, or other relief, which was awarded to him by the judgment so affirmed. After hearing the appeal, the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties." (See Civil Practice Act, § 584.)

Under this section we think this court has full power to restore the verdict and direct judgment thereon in this case. (*Dochtermann V. & E. Co.* v. *Fiss, Doerr & Carroll Co.*, 155 App. Div. 162, 170; appeal dismissed, 208 N. Y. 577; *Lamport* v. *Smedley*, 213 id. 82; *Middleton* v. *Whitridge*, Id. 499, 507; *Herrman* v. *U. S. Trust Co.*, 221 id. 143.)

In the *Dochtermann* case the trial court set aside the verdict and dismissed the complaint. The Appellate Division reversed the judgment of the Trial Term, reinstated the verdict and directed judgment thereon. In the Court of Appeals a motion to dismiss the appeal, on the ground that the Appellate Division had unanimously decided that the verdict was supported by the evidence and that no question of law was involved, was granted. (208 N. Y. 577.)

In the *Lamport* case the court held that, under this amended section, the appellate court has power in all actions, whether legal or equitable, to render whatever new decree the justice of the case required, except where the trial under review has been before a jury. "The limitations upon the power of the appellate court in the latter class of cases we need not now consider."

In the *Herrman* case the Court of Appeals held that, in an action to recover on contract, in which the jury rendered a verdict in favor of the plaintiff, and the trial court set aside the verdict and ordered a new trial, the Appellate Division had power to reinstate the verdict and, on the stipulation of the parties that it be reduced to an amount named, to direct judgment for the amount to which it was reduced. The court said: "That practice does not lead

to any encroachment upon the functions of the jury. The defendants had their case tried by the jury once, and they have no constitutional right to two jury trials." Where it is not necessary to grant a new trial because of the insufficiency of the evidence to support the verdict found and set aside, or because of errors committed at the trial, the appellate court may direct the judgment on the verdict which the trial court should have directed. The cases holding to the contrary were all decided before the amendment of section 1317 of the Code of Civil Procedure in 1912. (See *Paltey* v. *Egan*, 200 N. Y. 83.)

The judgment and order appealed from should, therefore, be reversed and judgment for the plaintiff directed upon the verdict of the jury, with costs to the appellant.

All concur, except COCHRANE, P. J., and HINMAN, J., who vote for reversal and new trial.

Judgment and order reversed, and judgment for the plaintiff is directed upon the verdict of the jury, with costs to the appellant.