NORTHEASTERN PAPER CO., INC., Appellant, *v.* CONCORD PAPER
Co., INC., Respondent.

Second Department, November 20, 1925.

Sales — action by seller to recover for breach — defense of Statute of
Frauds — defendant contends memorandum insufficient for failure to
state quantity — memorandum of sale states that sale was of all
" paper in rolls now stored at " certain warehouse and fixed price at
stipulated amount per ton to be determined thereafter — memorandum
also states that defendant had examined paper — memorandum is
sufficient — evidence of weight sufficient — verdict reinstated.

In an action by a seller of paper to recover damages for breach of a contract by
the buyer, in which the buyer sets up the defense of the Statute of Frauds,
based on the ground that the memorandum of sale is insufficient in that it fails
to specify the quantity of paper, the defense cannot be sustained, since it
appears that the memorandum provides for the sale of all the " paper in rolls
now stored at " a certain warehouse, fixes the price at a stipulated amount per
ton to be determined thereafter, and also specifies that the defendant had
examined and inspected the paper, and otherwise contains the terms of a
complete contract, for the property involved in this action could have been
ascertained and located and its actual weight readily determined, as provided
for by the terms of the contract.

There is no merit in the contention by the defendant that there was not proper
evidence of weight or quantity on which to base the verdict that was rendered
by the jury in favor of the plaintiff and subsequently set aside.

The Appellate Division has power to reinstate the verdict and does so in the
present case.

APPEAL by the plaintiff, Northeastern Paper Co., Inc., from
an order of the Supreme Court, made at the Kings Trial Term
and entered in the office of the clerk of the county of Kings on
the 2d day of June, 1925, resettling an order entered in said clerk's
office on the 15th day of May, 1925, setting aside the verdict of a
jury in its favor, and also from a judgment entered in said clerk's
office on the 22d day of May, 1925, pursuant to said order.

*Arthur F. Gotthold* [*Walter W. Gross* with him on the brief], for
the appellant.

*William S. Evans,* for the respondent.

YOUNG, J.:

The action was brought to recover damages for breach of contract
for the sale of merchandise.   The answer denied the material
allegations of the complaint, and, upon the trial, the defendant
was allowed to amend his answer by setting up the Statute of
Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571

**538** NORTHEASTERN PAPER CO., INC., *v.* CONCORD PAPER CO., INC.

Second Department, November, 1925. [Vol. 214

known as the Sales of Goods Act), alleging that the contract was one for the sale of goods of the value of fifty dollars and upwards, and that there was no sufficient note or memorandum in writing signed by the party to be charged or by his agent in that behalf.

After the verdict had been rendered by the jury, the trial court, on motion of the defendant, set aside the verdict and dismissed the complaint on the ground that the contract sued upon was within the Statute of Frauds, the court being evidently of the opinion that the contract did not sufficiently describe the quantity to be sold and was, therefore, not enforcible. The main question presented by the appeal is whether the trial court was right in dismissing the complaint on the ground stated.

The contract sued upon is as follows:

Letterhead of
" NORTHEASTERN PAPER COMPANY, INC
" 27 Commercial Avenue,
" Cambridge 41, Mass.

" *April* 17, 1923.

" CONCORD PAPER COMPANY, INC.,
" 203 Concord Street,
" Brooklyn, N. Y.:

" GENTLEMEN.— We hereby confirm the sale to you of all the *paper in rolls* now stored at the warehouse at 405 East 10th Street, New York City, as follows:

" This paper is to be sold to you at the price of $40.00 per ton, and you are to take delivery of all of it within thirty days from date. Delivery of this paper is to be made to you by us at the warehouse at 405 East 10th Street, New York City, and you are to send your trucks there for the paper and take it away at your own expense. It is understood that we will load your trucks for you without charge at the warehouse on E. 10th Street, Northeastern Paper Co., Inc., A. M. Sonnabend. You will take delivery of this paper in such daily or weekly instalments that you will be able to have the entire quantity thereof removed from the above address within the said thirty days.

" We understand you have examined and inspected this paper, and we are selling it to you *as is.*

" The weight of the paper is to be ascertained upon the delivery of each truckload to you on your scales, or at our option upon any other fair or true scales in the neighborhood chosen by us. In case we choose the latter method of ascertaining the weight, the weighing charges thereof will be borne by us.

" Payment is to be made by you as follows: 50% in cash of the amount of each day's delivery upon the following day, and the

balance of the amount of each day's delivery within thirty days from the date of said delivery.    *    *    *

" We trust that these terms are in accordance with your understanding, and if so, we would kindly ask that you sign both duplicate and original of this communication, returning to us  the original.

" Yours very truly,

" NORTHEASTERN PAPER  COMPANY, INC.

" By A. M. Sonnabend.

" A. M. Sonnabend,

" *Treasurer.*

" AMS:MR.

" Accepted at Brooklyn, N. Y., this

" 17th day of April, 1923.

" Concord Paper Co., Inc.

" A. Lipman, *Pres.*"

The evidence shows that the paper covered by the contract had been purchased by the plaintiff in a damaged condition after a fire, and was stored in its warehouse, and that the day before the contract was signed, namely, April 16, 1923, Mr. Lipman, president of the defendant company, examined the paper in the warehouse.    The defendant did not, however, take the paper after the contract was signed, and on April twentieth the plaintiff wrote a letter to the defendant, stating that plaintiff had been informed that the defendant did not intend to carry out the contract of April seventeenth, and it is admitted that the defendant did not do so.    The record shows that after the contract was signed, employees of the defendant went to the warehouse and reported back to the president of the defendant company that the paper was wet and burnt, and one of these employees testified that there was about 125 rolls of paper on the premises.    He described the space occupied by this paper, evidently for the purpose of showing that there was very much less there than plaintiff had testified to.

Abraham Lipman, president of the defendant company, testified that he examined the paper on the 16th of April, 1923, the day before the contract was made; that there were about 250 rolls of paper there at that time.    Some of it was wet and some burnt and " about forty per cent of good stuff; " that he looked at it again on April seventeenth, and the same amount was still there, and he testified that when he sent for the paper, on April 19, 1923, he received a telephone message from his employees and went there again and found that forty per cent at least had disappeared; that the good rolls were gone, and this is the reason that he declined to take the paper.    He said that when he made the contract, the good stuff was worth fifty-five dollars a ton and the rest of it

540  NORTHEASTERN PAPER CO., INC., *v.* CONCORD PAPER CO., INC.

Second Department, November, 1925.  [Vol. 214

thirty dollars a ton; that forty dollars a ton was a good price for all of it. The president of the plaintiff company testified that the paper in the storeroom was just the same on April nineteenth as on April sixteenth.

The defendant, respondent, seeks to uphold the dismissal on the ground that the contract is deficient because it fails to state with reasonable certainty the amount of the merchandise sold. Cases are cited which hold that a note or memorandum sufficient to take a contract out of the operation of the Statute of Frauds must state the whole contract with reasonable certainty so that the substance may be made to appear from the record itself without regard to parol evidence. The respondent does not quarrel with this rule, but maintains that the contract in question complies with this rule. It is argued that the contract does contain the entire agreement between the parties, specifying all the terms of the agreement; that there is nothing vague or indefinite about it. It specifies that the agreement entered into calls for the purchase of all the paper in rolls at the designated warehouse at a certain price per ton with proper provisions for delivery and payment and weighing so as to ascertain the quantity delivered, and that it further states that the defendant had previously examined and inspected the paper and that it was sold " *as is,*" and it is urged that the contract cannot be held to be invalid simply because the parties provided that the exact quantity should be thereafter ascertained in a designated way. In my opinion, a contract of this kind is sufficient upon the question here involved, if the property mentioned in the contract may be ascertained and located by extrinsic evidence.

In *Bowers* v. *Ocean Accident & Guarantee Corp., Ltd.* (110 App. Div. 691; affd., 187 N. Y. 561) there was a contract in writing whereby the Mercantile Credit Guarantee Company, for which plaintiff was receiver, agreed to turn over to the defendant a list of all policies then in force, and it was contended that the agreement was void because the list was not annexed to the contract. The court held, however, that the property turned over might be ascertained by extrinsic evidence and upheld the contract.

A reading of the contract in question convinces me that there is no question of its validity. I can see no reason why it was necessary to have the paper weighed before it was possible to make a legal contract for its sale. I think the trial court erred in dismissing the complaint on this ground.

The respondent also contends that the dismissal should be upheld because there was no proper evidence of weight or quantity and so no basis for the verdict rendered. There is no merit in this

contention. Plaintiff's president had been in the paper business for a number of years. He saw the paper in the warehouse and inspected it for the purpose of the sale and estimated that there was about 600 tons of the paper, and estimated that its value was "$10 a ton where it lay." Another witness, Richard T. Morey, testified that he had been in the paper business for ten years and was familiar with the paper in the warehouse on April 17, 1923. He saw it himself. He estimated that there were 550 tons of it, and that its value was $10 a ton. As already indicated, defendant's president thought that the paper which he saw there was of much greater value. The main question, however, litigated upon the trial was whether or not some of the paper had been removed between the date of the contract and the date when defendant went to get it. This was the issue presented to the jury, and it was resolved in plaintiff's favor. The remaining question is whether the verdict should be reinstated. I think we have the power to do this and should do so in the present case. (*Gartner* v. *Goodman*, 201 App. Div. 177.) There has been a thorough trial of the case, and the only questions raised upon the trial are now passed upon by this appeal. I can find nothing which entitles the defendant to another trial.

The judgment and order should be reversed upon the law and the facts, with costs, and judgment for the plaintiff directed upon the verdict of the jury, with costs to the appellant.

KELLY, P. J., RICH, MANNING and KAPPER, JJ., concur.

Judgment and order reversed on the law and the facts, with costs, and judgment unanimously directed for plaintiff upon the verdict of the jury, with costs to the appellant.