## THIRD DEPARTMENT, NOVEMBER, 1952.

### (November 17, 1952.)

FRANCIS MYSLIWIEC, an Infant, by WILLIAM J. MYSLIWIEC, His Guardian ad Litem, Appellant, *v.* W. LOWENTHAL CO., INC., Respondent.

WILLIAM J. MYSLIWIEC, Appellant, *v.* W. LOWENTHAL CO., INC., Respondent.

Motion by defendant to amend the order entered upon the prior appeal in this action. (See *ante*, p. 852.)

*Per Curiam.* The Trial Judge reserved decision on defendant's motions for nonsuit and dismissal of these actions which are based on negligence and took the verdict of the jury which was in favor of plaintiffs. The Judge then entertained a motion addressed to the verdict under section 549 of the Civil Practice Act on which he reserved decision. Thereafter he granted the reserved motions for nonsuit and dismissal. Although the order which granted judgment for defendant recited defendant's motion addressed to the verdict after it was returned, as well as the motions for nonsuit and dismissal, the opinion of the court passed on the case as a matter of law. This court on reversal reinstated the verdict and directed entry of judgment accordingly.

Defendant's motion to amend the decision to direct a new trial rather than the reinstatement of the verdict is based on the legal theory that the court had no power to reinstate the verdict and direct judgment because the motion of defendant addressed to the verdict had never been decided by the Trial Judge and therefore was not reviewable here and defendant had a right to have a decision by the Trial Judge on that motion. The Trial Judge did not decide that motion because in the view he took of the case that the complaint should be dismissed as a matter of law, the question whether the weight of evidence sustained the verdict thus for him became immaterial. But when this court on reversal reinstated the verdict it necessarily passed on the question of the weight of evidence which had been raised by the motion addressed to the verdict on the record and this court necessarily decided that the verdict was not against the weight of evidence.

Since the amendment to the predecessor of section 584 of the Civil Practice Act in 1912 expressly authorizing the court on appeal to render final judgment " upon the right of any or all of the parties " (Code Civ. Pro., § 1317) the power of an Appellate Division on reversal of a judgment of nonsuit or dismissal to reinstate a verdict it deems consistent with the weight of evidence and reasonable in amount is beyond all doubt and has been consistently sustained. The clarifying effect of that amendment upon the power of the Appel-

late Division is to be observed in a line of authority beginning with *Dochtermann V. & E. Co.* v. *Fiss, Doerr & Carroll Co.* (155 App. Div. 162) in which the power of the Appellate Division to predicate its judgment on and consistently with a general verdict was asserted in reversing a dismissal of the complaint and reinstating the verdict. An appeal to the Court of Appeals was dismissed (208 N. Y. 577) apparently because, in view of the Appellate Division's opinion that the verdict was supported by the evidence, no question of law was involved.

In the same line of authority are *Gartner* v. *Goodman* (201 App. Div. 177) decided in a careful opinion by Judge VAN KIRK, and *Marcario* v. *City of New York* (278 App. Div. 712). Even before the 1912 amendment the power was exercised. *Herman* v. *Fitzgibbons Boiler Co.* (136 App. Div. 286) is an example. There is a discussion of the effect of the amendment on the power of the Appellate Division in a nonjury case in *Lamport* v. *Smedley* (213 N. Y. 82) and on one aspect of a jury case in *Herrman* v. *U. S. Trust Co.* (221 N. Y. 143).

The jurisdiction of the Court of Appeals to consider the weight of evidence and then to reinstate the verdict is quite differently grounded than that of the Appellate Division and *Paltey* v. *Egan* (200 N. Y. 83) and *Thomas* v. *City of New York* (285 N. Y. 496, 499) are not authority on the power of the Appellate Division to reinstate a verdict and direct a judgment which is consistent with a verdict. There is, of course, a constitutional difference in the powers of the two courts in dealing with facts. This general problem is discussed by MILLER, J., in *Middleton* v. *Whitridge* (213 N. Y. 499, 514).

The motion should be denied, with $10 costs and disbursements.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

Motion denied, with $10 costs and disbursements.