■ PATRICK GUIDO, Appellant, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.— Judgment and order reversed upon the law and facts and verdict of the jury reinstated, with costs. Memorandum: The plaintiff has appealed from an order which set aside a verdict in his favor and which granted a motion for a directed verdict in favor of the defendant, dismissing the complaint. The appeal is also from the judgment in favor of the defendant. The ground on which the verdict was set aside and complaint dismissed, upon the motion for a directed verdict, was that the plaintiff had not proved freedom from contributory negligence. An examination of the evidence convinces us that the question of the contributory negligence of the

plaintiff, if any, was, under the circumstances, clearly one of fact for the jury. We are also satisfied that the finding of the jury, inherent in the verdict, of freedom from contributory negligence was not against the weight of evidence. It follows that the order and judgment should be reversed, the verdict reinstated and judgment entered in favor of the plaintiff. The defendant had also moved to set aside the verdict and for a new trial pursuant to section 549 of the Civil Practice Act. The court did not specifically pass upon that motion. What this court said in *Bornhurst* v. *Stearns* (4 A D 2d 818) applies to this situation, viz.: " Upon the record before us we conclude that the trial court passed upon the motion to set aside the verdict but did not implement the decision because of its more sweeping determination, dismissing the complaint." Where the trial court has dismissed the complaint, without specifically passing upon the motion for a new trial under section 549 of the Civil Practice Act, this court may pass upon the weight of evidence and if it finds that the verdict is not against the weight of evidence, may reinstate it. (*Mysliwiec* v. *Lowenthal Co.*, 280 App. Div. 1001.) It would be better practice and helpful to the parties and the court on review, if the trial court was careful to pass upon all motions before it, by specifically granting or denying each. All concur. (Appeal from a judgment and order of Oswego Trial Term for defendant for no cause of action, on a directed verdict after the setting aside of a verdict in favor of plaintiff, in a railroad negligence action.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ. [8 Misc 2d 168.]