DOROTHY BROWN, Individually and as Guardian ad Litem of ROBERT BROWN and Another, Infants, Appellant, *v.* BROOME COUNTY, Respondent.

Third Department, March 18, 1960.

*William K. English* for appellant.

*Charles P. O'Brien* and *Justin C. Flannigan* for respondent.

BERGAN, P. J.   The husband of plaintiff Dorothy Brown was a railroad worker and his dead body was found between tracks in the yard where he worked.   A portion of his left hand had been severed.   The death was unwitnessed.   A coroner of the defendant County of Broome ordered an autopsy without the consent of the plaintiff and against her protest.

In this action against the county, its responsibility for the acts of the coroner is not disputed, and a jury has found a verdict of $3,500 for plaintiffs. The court has set aside the verdict and dismissed the complaint. If the coroner's direction to make an autopsy was not authorized by law, a cause of action exists in favor of the plaintiffs. (*Darcy* v. *Presbyterian Hosp.*, 202 N. Y. 259; *Foley* v. *Phelps*, 1 App. Div. 551; *Beller* v. *City of New York*, 269 App. Div. 642.)

The statutory test of the right of a coroner to order an autopsy under circumstances such as those in this case is whether he has " reasonable ground to suspect" that the death was occasioned " by the act of another by criminal means " or that decedent is a suicide (Code Crim. Pro., § 773, read with Public Health Law, § 4210).

Whether in the case of a railroad or other industrial worker found dead near dangerous machinery or devices which could, and often do, accidentally cause death, a coroner would have " reasonable ground to suspect " a crime would depend on the circumstances and the reasonableness of such ground would usually be a fact question for the jury.

On the trial of this case the Judge treated the problem as a question of fact and carefully submitted it for the jury's verdict. On the motion to set aside the verdict the Judge held as a matter of law that the coroner was " justified in suspecting violence "; and ruled that a coroner has the right to direct an autopsy where he " suspects that a crime is involved ".

The statute does not rest a discretion to direct autopsy in the mere mental " suspicion " of the coroner. He must, says the statute, have " reasonable ground " to suspect a crime. The rational basis of suspicion that a crime has been committed is the test; and not merely " violence " which often is a concomitant part of an accident. On this record the question is one of fact and not of law and the complaint should not have been dismissed.

The defendant moved to set aside the verdict as against the weight of evidence and as excessive. The court did not pass on these motions because the Judge granted the motion to dismiss as a matter of law.

We should determine these motions thus left open rather than remit the action to the County Court for their determination (Civ. Prac. Act, §§ 584, 626; *Mysliwiec* v. *Lowenthal Co.*, 280 App. Div. 1001; *Guido* v. *Delaware, Lackawanna & Western R. R. Co.*, 5 A D 754).

The verdict is not against the weight of evidence; nor does it seem in our judgment so far excessive as to require a new trial

on this ground. In the nature of things damage of this kind is not easily translated into a measurable money equivalent.

The measure of damage as POUND, Ch. J., noted in *Gostkowski* v. *Roman Catholic Church* (262 N. Y. 320, 325), which was based on desecration of the grave of plaintiff's wife, may be an expression of the jury's "indignation at the defendants' wrong". The rationale of damage, thus in *Gostkowski*, was applied to an unlawful autopsy case in *Grawunder* v. *Beth Israel Hosp. Assn.* (242 App. Div. 56).

Although in each of those cases which arose in 1933 and 1934 verdicts of $2,000 each were reduced by the Appellate Division to $1,000 we are not willing to follow them literally on the quantum of damage under different conditions and in different times, and we are of opinion the verdict returned is not excessive.

The judgment should be reversed on the law and the facts and judgment entered for plaintiff in accordance with the verdict, with costs to appellant.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and judgment entered for plaintiff in accordance with the verdict, with costs to appellant.