MARIA ADAMS *vs.* HORACE WALKER.

A person has no right, by grading the surface of his land, to turn the surface water which ordinarily falls upon or flows over it, upon the adjoining land of another.

And it makes no difference that he does it for the purpose of preventing the water from flowing into his well, or for other lawful purpose, and with no intention to injure the adjoining owner.

ACTION on the case for an injury to the land of the plaintiff by the turning of surface water upon it, by the defendant from his adjoining land; brought to the superior court in New London county and tried to the jury before *Park, J.* The jury having rendered a verdict for the defendant the plaintiff moved for a new trial for error in the charge of the judge. The case is sufficiently stated in the opinion.

*Halsey* and *Pratt*, with whom was *Wait*, in support of the motion.

*Hovey* and *Holbrook*, contra.

HINMAN, C. J. This action is for an injury caused by turning the surface water which accumulated on the defendant's lot from rains and the melting of snow upon the adjoining

lot of the plaintiff. The defendant claimed the right to grade his own lot as he pleased, and that if he did this for any lawful purpose of his own, as to prevent the surface water from flowing into his well, and had no malicious intention to injure the plaintiff, he was not liable for any injury resulting consequentially therefrom by the surface water being turned by such grading directly upon the plaintiff's lot where it had not previously flowed. The claim is briefly this, that the defendant might lawfully so grade his own lot as to turn the surface water which incommoded him upon the plaintiff's lot to her injury, if he had no malicious motive and was seeking only his own benefit. And we think the court was understood by the jury as sanctioning this claim in that part of the charge where they were told, that " if they should find that the defendant in grading his lot formed a basin thereon, and that he did this merely to prevent the surface water from running into his well or doing other damage to his premises, and if in consequence of such grading and the forming of such basin the water passed from the defendant's land upon the land of the plaintiff in greater quantities and in different places than it had done before, the defendant is not liable therefor." The court undoubtedly did not mean to be understood as instructing the jury that a party might lawfully turn the surface water which was inconvenient to himself directly upon his neighbor's lot, yet we think this is the purport of this part of the charge. The grading of his lot is spoken of as having been done for the mere purpose of preventing his surface water from running into his well, or doing other damage to his premises. There was surface water on his lot which injured his well, and to get rid of it he so graded his land as to throw it upon the land of the plaintiff, and the jury were in substance told that for the injury thus caused no action would lie unless there was an express intention to injure the plaintiff. As thus understood the charge is in conflict with the doctrine that a party has no right to discharge the rain water falling upon his land or upon the roofs of his buildings upon the land of his neighbor. It of course is immaterial whether the water is turned upon another's land by means of

a spout or trough projecting from the roof of a building, or whether it is led there by a gutter or ditch, or turned upon it by means of an embankment upon the side of a hill.   The effect is the same in turning the water from its natural course upon another's land, and the injury to the party upon whose land it is turned is the same in either case.   The impression of the charge upon the minds of the jury, as we think they must have understood it, must have been the more positive from the circumstance that the court declined to instruct them, as requested by the plaintiff, that the defendant's right of accumulating and turning the surface water by means of the grading of his lot upon the land of the plaintiff, was limited to a reasonable use of his lot in respect to such grading and consequent turning of the water.   The jury therefore must, we think, have understood that the defendant had an absolute right to get rid of the inconvenience arising from the surface water upon his land by turning it directly upon the land of the plaintiff.   As thus understood the charge was clearly wrong according to well established and acknowledged principles; and we do not feel it necessary to enter further into the principles of law applicable to adjacent land-owners in respect to rain or surface water, which have been so fully argued before us.

We advise the superior court to grant a new trial.

In this opinion the other judges concurred; except PARK, J., who having tried the case in the court below, did not sit.