LAWRENCE BYRNES, PLAINTIFF, *v.* THE CITY OF COHOES, DEFENDANT.

*Direction of a verdict — effect of consent of parties to — Liability of municipal corporation for trespass upon private property.*

Although the failure of a party, against whose objection and exception evidence has been admitted, to object to the direction of a verdict by the court, subject to the opinion of the General Term, does not waive the irregularity thereby committed, yet, if he expressly consent to such disposition of the case, he cannot thereafter insist that there has been a mistrial.

*Purchase* v. *Matteson* (25 N. Y., 211) distinguished.

Where a municipal corporation, in order to carry off the water flowing in one of its streets, constructed gutters and curbs therein, terminating opposite to the lot of a private individual, by which the water was discharged upon such lot (such water having formerly flowed through a natural water-course, away from the said lot), the corporation is liable to the owner of the lot for all damages occasioned by such discharge of water thereon.

MOTION for judgment on a verdict directed for the plaintiff, subject to the opinion of the court at General Term.

The action was brought to recover damages occasioned by the discharge of water upon a lot of the plaintiff from curbs and gutters constructed by the defendant.

*O. A. Martin*, for the plaintiff.

*S. Hand*, for the defendant.

LEARNED, P. J.:

In this case the amount of damages was agreed upon. At the conclusion of the trial, the court directed a verdict to be taken for the plaintiff, subject to the opinion of the court at General Term. The defendant claims that this was a mistrial, for the reason that exceptions had been taken to the admission of evidence. (*Purchase* v. *Matteson*, 25 N. Y., 211.) The answer is, that it appears by the case that this was done by the consent of the counsel for the respective parties.

Now it is true, as is said in *Purchase* v. *Matteson*, that the failure to object to such a disposition of the case, does not waive its

irregularity. And this must evidently be the rule, because the party has once objected to the admission of evidence, and, on his objection being overruled, he has excepted. Unless, then, he does some affirmative act of waiver, he is entitled to the benefit of his exception. He need not repeat it, or call attention to it again. But he certainly may waive his exception if he chooses to do so. And if he openly and distinctly consents to such a disposition of the case by the court as is inconsistent with a claim to the benefit of his exception, he must have intended to waive his exception. In this present case, after a recital that there was no dispute as to the facts proved on the trial, the defendants consented that the court should direct a verdict, subject to the opinion of the General Term. It cannot be supposed that they intended to trick the court into a mistrial. The only fair understanding is, that they were willing to take the facts which had been proved, and to submit the question to the court upon those facts. The very agreement of the parties as to the amount of the damages, shows that they must have intended to submit the case to the decision of the General Term upon the facts which had been proved, irrespective of objections to the admissibility of evidence. It is inequitable now for the defendants to object to a disposition of the case which was made by their express consent. The case, then, comes before us on the facts proved; and the question is whether, on those facts, the plaintiff was entitled to judgment.

The defendants' counsel, in addition to the point stated above, claims that there was error in the admission of evidence. Those exceptions, we consider that the defendants waived.

Another point is, that the court erred in refusing to dismiss the complaint, before any testimony was given, on the ground that it did not state facts sufficient to constitute a cause of action. This we cannot hear. The defendants have consented to the hearing of this case on the facts proved. If the complaint be insufficient, it can be amended to conform to the facts.

The facts then, as proved, are, in brief, that the defendants made gutters and curbs in the street; and they conducted the water of the Fourth ward down Main street; that the curb and gutter ended opposite plaintiff's lot; that before the curbing was made, there was a natural course which took off the water another way; that

the curbing brought it to plaintiff's lot; that the gutter was not complete in front of plaintiff's place; that the water came down Main street, and down the gutter, and had no outlet, and flooded plaintiff's house, and did the damage complained of; that the water flowed directly from the gutter on the premises; that a drain could have been built so as to carry off the water; and that a well-hole was afterward fixed, so as to carry off the water.

This case, then, is not one of those where the city has constructed a sewer or some similar structure, and is alleged to have done the work so negligently that damage has resulted indirectly. But it is a case where, according to the proof, the city has, by means of a curb and gutter, brought down water, which naturally ran in another direction, and has discharged it upon the plaintiff's land. We think that they cannot lawfully do this. (*Radcliff's Exrs.* v. *Brooklyn*, 4 N. Y., 199; *Adams* v. *Walker*, 34 Conn., 466.) It could hardly be claimed that a city could lawfully construct a sewer which should necessarily discharge its contents upon the land of a person, without his consent. (See case of *Bradt* v. *City of Albany*, just decided by this General Term, * and the cases cited in the opinion in that case.) The same rule would apply to the construction of a curb and gutter. As said in a recent case, "the defendant having no right to invade the premises, which were * * * the possession of the plaintiff, it matters not whether or not he made his invasion without negligence." (*St Peter* v. *Denison*, 58 N. Y., 416.)

The plaintiff should have judgment on the verdict.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Ordered accordingly.

* Reported at p. 591, *ante.* — [REP.