PAUL S. GALLENA, PLAINTIFF-RESPONDENT, v. I. GRANT SCOTT, CLERK OF SUPERIOR COURT OF NEW JERSEY, SUCCESSOR TO I. GRANT SCOTT, CLERK IN CHANCERY OF NEW JERSEY, WILLARD G. WOELPER, ADMINISTRATIVE DIRECTOR OF THE COURTS OF THE STATE OF NEW JERSEY, AND J. LINDSAY DE VALLIERE, DIRECTOR OF THE DIVISION OF BUDGET AND ACCOUNTING, DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, JOINTLY, INDIVIDUALLY, AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.

Argued November 3, 1952—Decided January 19, 1953.

*Mr. Benjamin C. Van Tine,* Deputy Attorney-General, argued the cause for appellant (*Mr. Theodore D. Parsons,* Attorney-General, on the brief).

*Mr. George Pellettieri* argued the cause for respondent.

The opinion of the court was delivered by

HEHER, J. By this appeal, defendants challenge an order of the Law Division of the Superior Court denying their motion to dismiss the complaint for want of jurisdiction in that the pleaded cause of action in reality constitutes a suit against the State of New Jersey, brought without its consent.

The motion was made pursuant to *Rule* 3:12–2; and the appeal was taken to the Appellate Division of the Superior Court under *Rule* 4:2–2(*a*) (3), allowing appeals from orders or judgments, whether interlocutory or not, affirming jurisdiction of the person or the subject matter, and later certified by this court on its own motion.

This is the substance of the complaint: Plaintiff was appointed chief clerk in the office of the Clerk in Chancery, effective January 1, 1945, at an annual salary of $5,500. The appointment was made pursuant to *R. S.* 2:2–20. He performed the duties of the position until June 30, 1947, when he was suspended by the Clerk in Chancery without the benefit of salary. The suspension continued until December 5 ensuing, when the Clerk dismissed him from the position for what was considered good cause established at a hearing on charges of misconduct held conformably to *R. S.* 38:16–1, providing tenure during good behavior to war veterans in certain offices and positions. His salary, meanwhile, had been increased to $6,250. The dismissal was vacated by the Superior Court, in a proceeding in lieu of *certiorari*, for want of evidence to sustain the charges. *Gallena v. Scott*, 4 *N. J. Super.* 85 (*App. Div.* 1949). A petition for certification of the cause for appeal was denied by this court on November 21, 1949. 3 *N. J.* 376 (1950). See, also, 1 *N. J.* 430 (1949). An appeal to this court taken without leave was dismissed by order entered December 12, 1949.

Pursuant to the judgment, plaintiff was placed in a position in the office of the Clerk of the Superior Court, the successor to the Clerk in Chancery according to the changes in court structure wrought by the Constitution of 1947, at an annual salary of $7,500. The claim is for salary from July 1, 1948 to September 13, 1950, the date of his reinstatement. Salary has been paid to him from July 1, 1947 to June 30, 1948, in the sum of $6,500.

By *L.* 1950, *c.* 62, *p.* 108, the Legislature appropriated $1,406.25 for plaintiff's salary from July 1, 1948 to September 15, 1948, the effective date of the Judicial Article of the Constitution of 1947, and $1,679.30, to cover the cost of the litigation. Plaintiff has refused these monies, as insufficient. Defendants contend that the act provides the sum thus appropriated be accepted in payment of all claims

for salary; plaintiff insists that the appropriation was made to cover only the stated period. Of this, more hereafter. Demand is made for salary in full from the date of plaintiff's dismissal from his position to the date of his reinstatement, plus increments and cost of living bonus, aggregating $16,140.79. And the action is brought on the hypothesis that the defendants "are the persons charged by law" with the duty of payment.

The complaint prays judgment against "the defendants, jointly, individually, and in the alternative: (a) $16;140.79 and interest; (b) that defendants be directed to take such steps as are prerequisite, according to law, to procure on behalf of plaintiff the aforesaid sums which are jointly due and owing to him and to pay same to him."

 This is a proceeding designed to control the action of the State and to subject it to liability within the principle of sovereign immunity from suit, and therefore untenable for want of the sovereign's consent to be sued. *Strobel Steel Construction Co. v. State Highway Commission,* 120 *N. J. L.* 298 (*E. & A.* 1938); *Strobel Steel Construction Co. v. Sterner,* 125 *N. J. L.* 622 (*Sup. Ct.* 1941), affirmed 128 *N. J. L.* 379 (*E. & A.* 1942), *certiorari* denied, *Strobel Steel Construction Co. v. State Highway Commission of New Jersey,* 317 *U. S.* 656, 63 *S. Ct.* 53, 87 *L. Ed.* 527 (1942); *Abelson's Inc. v. New Jersey State Board of Optometrists,* 5 *N. J.* 412 (1950).

The demand made by plaintiff has already been the subject of legislative consideration and action in the form of an appropriation apparently deemed quite adequate in the circumstances. Claim was made to the Legislature for salary and bonus from July 1, 1948 to June 30, 1950, in the sum of $14,070, and the cost of the litigation amounting to $1,679.30. The legislative committee on appropriations recommended to the Legislature that "payment of salary in the amount of $1,406.25 from July 1, 1948 to date of establishment of new Court under the new Constitution and actual costs of litigation be allowed." The recommendation

was adopted. An appropriation was made by the cited statute in these terms:

"Paul S. Gallena, in full settlement of claim in connection with salary due during the period of dismissal as set forth in confirmed decision of the Superior Court: Salary to the date of the establishment of new court under the new Constitution, $1406.25; Litigation costs, $1679.30."

The act contains this further provision:

"The above appropriated items for claims are in full settlement of all claims of every character, and the acceptance of said sums shall constitute a full and complete release and acquittance to the State of New Jersey, its agencies and instrumentalities."

Plaintiff insists that this appropriation "does not purport to be in full settlement of all plaintiff's claims for salary," and was not intended to cover "any claims made by plaintiff for salary beyond September 15, 1948."

There are grounds for believing that, in view of the altered status of the office or position held by plaintiff under the new Constitution of 1947 and the particular circumstances, the Legislature deemed the appropriation thus made a just and fair settlement of the whole claim. The mandate of the Appellate Division, entered September 5, 1950, directed that plaintiff "be reinstated forthwith in his position as Chief Clerk in the office of the Clerk in Chancery of New Jersey, or in an appropriate similar position with similar compensation under the Clerk of the Superior Court or the Superior Court." The office of Clerk in Chancery was no longer in existence, and it would seem that the position of chief clerk was not continued in all its attributes and legal incidents. At all events, there are questions here of concern to the State which cannot be adjudicated for want of jurisdiction.

The cited statute made the only appropriation available for the satisfaction of plaintiff's claim; and, if he considers this but part payment, then his remedy is to renew his

demand upon the Legislature itself, either to supplement the appropriation or to consent to a suit to determine the validity of the claim.

 The defendant state officers, in the judicial and executive branches of the government, cannot be called upon to litigate the sufficiency of the claim, as the representatives of the State, and thus to bind the State, for the action would then in essence be one for the recovery of money from the State, and so a suit against the State itself which is not maintainable in the absence of sovereign consent. There is no pretense that the individual defendants are for some reason under a personal liability for the moneys in suit. The State is the substantial party in interest. The action seeks payment of the claim from the State's treasury. The application of the doctrine depends upon the essential nature and effect of the proceeding. *Ford Motor Co. v. Department of Treasury of the State of Indiana*, 323 *U. S.* 459, 65 *S. Ct.* 347. 89 *L. Ed.* 389 (1945).

 Immunity from suit without consent, signified by legislative action or waiver, is an attribute of sovereignty. The principle may not be subverted by indirection. The immunity is grounded in the strongest considerations of public policy, related to the security of the government and its administrative integrity. *Fitts v. McGhee*, 172 *U. S.* 516, 19 *S. Ct.* 269, 43 *L. Ed.* 535 (1899). Where the substantial rights of the State would be directly and adversely affected if there were judgment according to the demand made, the State is a necessary party defendant, and if it cannot be made a party, for want of consent to be sued, then the suit is not maintainable. *Schwing v. Miles*, 367 *Ill.* 436, 11 *N. E.* 2d 944, 113 *A. L. R.* 1504 (*Sup. Ct.* 1937). The question is whether the suit is in reality against the State itself, as a means of controlling its action or imposing a liability.

Seeming to concede the force of these considerations, plaintiff would sustain the proceeding as in the nature of a petition for a *mandamus* to compel the defendants, as judicial

and budgetary officers of the State charged with the particular duty, to requisition the Legislature for an appropriation to cover the salary claim in full, and in this wise to secure payment of a claim that has heretofore been the subject of legislative examination and action by an appropriation presumably final. This is not the province of the defendant officers. The Legislature has determined the claim, and the function of these officers, purely ministerial, is to disburse the moneys appropriated in accordance with the legislative command. The rule invoked by plaintiff has reference, to use his own language in the brief, to "the payment of salaries or compensation of public officers * * * when and as required by law." The case is not within that category.

■■ *Mandamus* lies to remedy official inaction where the right to be enforced or the duty to be performed is certain and specific. And the writ does not issue to compel the doing of an idle act. *Beronio v. Pension Commissioners of Hoboken*, 130 *N. J. L.* 620 (*E. & A.* 1943). *Mandamus* is available only where there is a clear and definite right to the performance of a ministerial duty in essence mandatory and final and wholly free of the element of discretion, or to direct without controlling the exercise of a discretionary authority. *Librizzi v. Plunkett*, 126 *N. J. L.* 17 (*Sup. Ct.* 1940).

■ By *L.* 1950, *c.* 62, cited *supra*, the Legislature has set the sum to be paid on the claim; and it is beyond the province of the defendant officers to make demand upon that authority for moneys in excess of the sum appropriated. The course of procedure suggested by plaintiff would constitute judicial intrusion upon the legislative and executive authorities.

■ There is no other or additional appropriation to which recourse may now be had for the satisfaction of the salary demand. General appropriations are not available for the payment of this claim. The appropriation made is necessarily exclusive. *Article VIII, Section II, paragraph 2 of*

the *Constitution of* 1947 provides that no money shall be drawn from the State Treasury "but for appropriations made by law." And the judicial authority cannot "compel an appropriation," as the plaintiff would have it.

Since the State has tendered to plaintiff payment of the money appropriated by the act of 1950, and now renews the tender, there is no occasion for the issuance of a *mandamus* directing the defendant officers to comply with the statute.

The judgment is accordingly reversed, and the complaint is dismissed.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.