FRANK A. SOMERS *v.* G. ALBERT HILL, HIGHWAY COMMISSIONER, ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

 

Argued May 3—decided June 12, 1956

*Lewis J. Somers,* for the appellant (plaintiff).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *John J. Bracken,* attorney general, for the appellee (named defendant).

*Howard A. Jacobs,* with whom, on the brief, were *Israel J. Jacobs* and *Stanley A. Jacobs,* for the appellee (defendant Gagliardi).

O'SULLIVAN, J. This action was instituted against G. Albert Hill, as highway commissioner of the state of Connecticut, and Antonio Gagliardi, a private individual. The plaintiff's main objectives were to obtain (1) damages, because of the claimed tortious conduct of the defendants in collecting and discharging surface water on his land, and (2) an injunction restraining them from further conduct of that nature. The named defendant, to be called the commissioner, filed a demurrer to the complaint. The court sustained it and, since the plaintiff refused to

plead over, judgment was rendered against him. Thereafter, upon the trial of the merits as to Gagliardi, judgment was rendered in favor of that defendant. The plaintiff has appealed from both judgments.

We first take up the assignment that the court erred in "sustaining the demurrer of the defendant G. Albert Hill, Highway Commissioner of the State of Connecticut." The complaint alleges the following facts: Since 1919, the plaintiff has owned a parcel of land located in East Haven on the southerly side of Foxon Road, a state highway at least since 1943. The defendant Gagliardi is the owner of the parcel adjoining the plaintiff's property on the west. Gagliardi bought his parcel from John D. and Amanda S. Carlson on September 4, 1952. On December 24, 1943, the Carlsons had conveyed "to the State of Connecticut, its successors and assigns forever, a full and perpetual right of way for drainage purposes, over, under and across" the parcel which they sold to Gagliardi in 1952. The easement ran southerly from Foxon Road for about forty feet and carried with it "the right to discharge water onto land of said Grantors, with the further right to the Grantee, its officers, employees, servants and agents to enter on said premises at all times for the purpose of building, cleaning, repairing, replacing, constructing, and reconstructing a drain or pipe within said right of way." After acquiring the easement, the commissioner caused to be constructed catch basins and culverts by the use of which surface water from Foxon Road was collected and discharged on the Carlson parcel. This water has, over the years, found its way onto the plaintiff's land, to his detriment.

The demurrer filed by the commissioner to the allegations purporting to set forth a cause of action

against him as highway commissioner recites that the complaint "does not state that the plaintiff has been authorized by the Legislature to bring an action against the State or any of its officers acting on behalf of the State, nor does it cite any statutes authorizing such action against the defendant Highway Commissioner or the State."

The law is firmly established that the state cannot be sued except with its own consent. *Scranton v. L. G. DeFelice & Son, Inc.,* 137 Conn. 580, 585, 79 A.2d 600; *Anselmo v. Cox,* 135 Conn. 78, 80, 60 A.2d 767; *Rodgers v. Cox,* 130 Conn. 616, 621, 36 A.2d 373; *Winchester v. Cox,* 129 Conn. 106, 113, 26 A.2d 592; *Reilly v. State,* 119 Conn. 217, 219, 175 A. 582. Whether a particular action is one against the state is not determined solely by referring to the parties of record. The fact that the state is not named as a defendant does not conclusively establish that the action is not within the principle which prohibits actions against the sovereign without its consent. *People of Colorado ex rel. Watrous v. District Court,* 207 F.2d 50, 56; *Moline Tool Co. v. Department of Revenue,* 410 Ill. 35, 37, 101 N.E.2d 71; *State ex rel. Fleming v. Cohn,* 12 Wash. 2d 415, 419, 121 P.2d 954. The vital test is to be found in the essential nature and effect of the proceeding. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S. Ct. 347, 89 L. Ed. 389; *Gallena v. Scott,* 11 N.J. 231, 237, 94 A.2d 312; *Town of Ohio v. People,* 264 App. Div. 220, 222, 35 N.Y.S.2d 107.

It follows that ordinarily where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to control the

activities of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent. *Niagara Falls Power Co.* v. *White*, 292 N.Y. 472, 479, 55 N.E.2d 742; *Buchan* v. *Shaw*, 238 N.C. 522, 523, 78 S.E.2d 317; 49 Am. Jur. 304, § 92; 81 C.J.S. 1312, § 216; see *Leger* v. *Kelley*, 142 Conn. 585, 588, 116 A.2d 429.

The state is clearly the real party in interest in the case at bar. Damages are sought for injuries alleged to have been caused by the commissioner in carrying out specific acts for which the state employs him, and injunctive relief is requested to restrain him, in his official capacity, from performing duties imposed on him by law. In short, the office of highway commissioner is an agency of the state created for the purpose of carrying out a state function, and for this reason, the commissioner, holding that office, is, so far as the allegations of this complaint are concerned, clothed with immunity from suit against him as the representative of the state. *Munson* v. *MacDonald*, 113 Conn. 651, 660, 155 A. 910; *Merchants' Warehouse Co.* v. *Gelder*, 349 Pa. 1, 7, 36 A.2d 444. The court did not err in sustaining the demurrer.

We now turn to the appeal from the judgment in favor of the defendant Gagliardi. The plaintiff assigns as error the action of the court in finding several paragraphs, the contention being that they contain facts which have no support in the evidence. Since this assignment has not been pressed in the brief, we construe it as abandoned. *Freund* v. *Burns*, 131 Conn. 380, 386, 40 A.2d 754; Maltbie, Conn. App. Proc., § 165.

So far as they relate to Gagliardi, the facts found require no recital, since he did nothing to cause

water, from whatever source it came, to flow upon the plaintiff's land. The plaintiff, realizing the weakness of his position against Gagliardi on the basis of the facts found, has assigned as error the refusal of the court to include in its finding nineteen bulging paragraphs of subordinate facts incorporated in the draft finding. If these additions could be made, they would establish that Gagliardi, through various acts and activities with respect to his land, had altered the natural flow of water in such a manner as to divert it upon, and to the detriment of, his neighbor's land. This he could not legally do. *Tide Water Oil Sales Corporation* v. *Shimelman,* 114 Conn. 182, 188, 158 A. 229; *Melin* v. *Richman,* 96 Conn. 686, 688, 115 A. 426; *Adams* v. *Walker,* 34 Conn. 466, 467. The desired additions, however, cannot be made. They refer to facts which were neither admitted nor undisputed. Practice Book § 397. An uncontroverted fact is not necessarily an admitted or undisputed fact. *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358. On the finding, as it stands, the court could have come to no conclusion other than that the plaintiff had failed to prove a case against Gagliardi.

There is no error.

In this opinion the other judges concurred.