[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9871ON MOTION TO DISMISS FOR LACK OF JURISDICTION
The Connecticut State Board of Mediation has moved to dismiss this action in which the Town of Sherman seeks to enjoin the Connecticut State Board of Mediation and Arbitration from proceeding with an arbitration concerning the Town Highway Department employees represented by the defendant, American Federation of State, County and Municipal Employees, AFL-CIO.[1]
The plaintiff asserts that the doctrine of sovereign immunity does not apply (1) to actions by a municipality against a state agency, and (2) because the Town of Sherman does not seek to "control the activities of a state agency."
The Board claims and the court agrees that the court lacks jurisdiction to hear the case against it because of the doctrine of sovereign immunity. This doctrine is rooted in the old maxim of English law that "the king can do no wrong." It is doubtful that the many wives of Henry VIII, who suffered from his sometimes fatal spousal abuse, shared that view of that Tudor sovereign's righteousness. Transmogrification of this doctrine to claims of injunctive relief against our modern state is grounded in a different and more sensible premise, namely, preventing undue interference with necessary governmental functions. Sentnerv. Board of Trustees, 184 Conn. 339. The Supreme Court continues to recognize the principle that the state cannot be sued without its consent. Krozser v. New Haven, 212 Conn. 415, 421. However, as befits a nation which ended its involvement with monarchs on July 4, 1776, an exception has been drawn where one seeks to enjoin the state from acting illegally or unconstitutionally. Doev. Heintz, 204 Conn. 17, 31.
The present complaint of the plaintiff does not allege that the defendant Board acted illegally or unconstitutionally, although the plaintiff Town has made claims in its briefs that the Board of Arbitration and Mediation has acted in excess of its legal authority in ordering arbitration.
The plaintiff does not claim entitlement to sue based upon a statute conferring the right to sue the state and, despite the plaintiff's contention, there is no blanket case law exception which makes the doctrine of sovereign immunity inapplicable to all legal actions by a municipality against the State or one of CT Page 9872 its agencies or Boards. The only exception raised by the briefs, which might confer jurisdiction, is the allegation that in ordering arbitration the Board has acted in excess of its statutory authority found in section 7-473c because of failure to comply with statutory deadlines and notice. That has not been pled, however. In fact, the entire application for temporary injunction pleads that the plaintiff seeks only to delay the proceedings before the State Labor Board until a separate union decertification petition now pending before the State Labor Department has been acted upon, which might moot the need for arbitration. The court will confine its considerations to what was pled in the complaint and what is prayed for in the prayer for relief, since those pleadings provide the matrix of what may be proved, what relief may be granted and therefore what is relevant.
By its terms, the relief requested would delay and thereby interfere with an arbitration process of the State Board of Arbitration and Mediation, a function which it is obligated to exercise according to the Connecticut General Statutes. The effect of granting the temporary injunctive relief which the plaintiff Town requests would plainly result in an impermissible "control [of] the activities of the state" because the erred of it would be to delay an activity it is by law required to commence and continue. See Somers v. Hill, 143 Conn. 476, 479-80.
The motion to dismiss of the Connecticut State Board of Arbitration and Mediation is granted, and the action is dismissed as to it for lack of jurisdiction.
Flynn, J.