[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
CT Page 5123-YY
The plaintiff, Agnes Gervais, brings this action as parent, natural guardian and best friend of the minor plaintiff, Roderick Gervais. On November 13, 1995, the plaintiffs filed a three count complaint alleging the following. On November 17, 1993, plaintiff Roderick Gervais was a student at William Hall High School in West Hartford and as such participated in a floor hockey game conducted as part of the physical education program offered to his class. The physical education class conducted on November 17, 1993 was supervised by defendant Susan Curnias, a certified teacher. Defendant Curnias was responsible for instructing the participants in the class regarding rules and regulations for this activity, and for monitoring the game in progress to ensure that such rules and regulations designed for the safety of the participants were being followed. During his participation in the physical education activity, the complaint alleges, plaintiff Roderick Gervais was struck in the face and mouth with the hockey stick of another student in the class. As a result of this incident, plaintiff Roderick Gervais allegedly sustained substantial injuries to his mouth and teeth, lost time from school, was required to undergo a course of dental treatment, and has been forced to limit his recreational activities.
In the First Count, the plaintiffs claim in summary that the injuries, losses and damages sustained by plaintiff Roderick Gervais were caused by the negligent supervision of defendant Curnias in that she failed to adequately and properly instruct the students in the use of hockey sticks; failed to provide safety equipment; failed to monitor and supervise the students; and failed to enforce and apply the proper rules and regulations. The plaintiffs further claim that the injuries, losses and damages sustained by plaintiff Roderick Gervais were caused by the negligence and/or carelessness of defendant West Hartford Board of Education for, inter alia, its failure to properly and reasonably train and supervise defendant Curnias with respect to the teaching of floor hockey games as part of the physical education curriculum.
In the Second Count, which is directed at defendants Anthony Lasala, Jr., Dr. Anthony Lasala and Rachel Lasala, the plaintiffs claim that defendant Anthony Lasala, Jr. was negligent in, inter alia, swinging his hockey stick substantially higher than his waist causing the hockey stick to strike the face and mouth of plaintiff Roderick Gervais.
In the Third Count, which is directed at all of the CT Page 5123-ZZ defendants, the plaintiffs claim damages for medical bills and expenses associated with the dental injuries sustained by plaintiff Roderick Gervais.
On March 22, 1996, defendants Town of West Hartford Board of Education ("Board") and Curnias filed a motion to strike the First and Third Counts of the plaintiffs' complaint. The arguments put forth in the motion are that: (1) sovereign immunity bars the claims; (2) alternatively, governmental immunity articulated in General Statutes § 52-557n(a)(2)(b) bars the claims; and (3) to the extent the First Count fails, so too should the Third Count which seeks recompense for the parental obligation to bear the medical expenses of one's child. In accordance with Practice Book § 155, the defendants filed a memorandum of law in support of their motion. On May 9, 1996, the plaintiffs filed a memorandum in opposition to the defendants' motion.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980). The court must construe the facts in the complaint most favorably to the plaintiff. Amodio v. Cunningham, 182 Conn. 80,82, 438 A.2d 6 (1980).
In their memorandum in support of their motion to strike, the defendants argue that sovereign immunity protects them from suit because they were acting as agents of the state pursuant to General Statutes § 10-16b(a). Alternatively, the defendants argue that since the acts or omissions complained of by the plaintiffs involved a discretionary duty on the part of defendants Curnias and the Board, governmental immunity exempts them from suit pursuant to General Statutes § 52-557n (a)(2)(b).
In response, the plaintiffs argue that since the real parties in interest in the present case are defendants Curnias and the Board, the defendants cannot invoke the doctrine of sovereign immunity. The plaintiffs further argue that the defendants cannot meet the burden of establishing that the teacher's or Board's alleged acts and omissions were discretionary as a matter of law and that, even if they were discretionary, the doctrine of CT Page 5123-AAA governmental immunity does not apply because an exception to its use is applicable. As such, the plaintiffs argue that the defendants' motion to strike should be denied.
Sovereign Immunity
"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others. . . . A town board of education thus potentially enjoys immunity under two different theories of immunity for acts carried out within its governmental capacity." (Citations omitted.) Heigl v. Boardof Education, 218 Conn. 1, 3-4, 587 A.2d 423 (1991).
"[L]ocal boards of education act as agencies of the state when they are fulfilling the statutory duties imposed upon them pursuant to the constitutional mandate of article eighth, § 1." Cheshire v. McKenney, 182 Conn. 253, 258, 438 A.2d 88 (1980). "Local boards of education are also agents of the municipality that they serve, however. . . . Local boards of education act on behalf of the municipality . . . in their function of maintaining control over the public schools within the municipality's limits." Id., 258-59.
The factors to consider in determining whether a municipality is acting solely within its governmental capacity so as to invoke governmental immunity and not sovereign immunity are well settled. Somers v. Hill, 143 Conn. 476, 479, 123 A.2d 468 (1956); see also R.A. Civitello Co. v. New Haven, 6 Conn. App. 212, 218,504 A.2d 542 (1986). "Although a town board of education is an agent of the state when carrying out the interests of the state,
its members are not state but town officers." (Emphasis added.)Sansone v. Bechtel, 180 Conn. 96, 100, 429 A.2d 820 (1980). "The vital test is to be found in the essential nature and effect of the proceeding." (Citations omitted.) Somers v. Hill, supra,143 Conn. 479. "[W]here a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability, the suit is, in effect, one against the state and cannot be maintained without its consent." Id., 479-80.
In this case, the defendant Board and defendant Curnias are the real parties in interest. Lostumbo v. Board of Education, 36 CT Page 5123-BBB Conn. Sup. 295-96 (1980). The injuries complained of will not subject the state to liability. Damages are sought for injuries alleged to have been caused by the defendant Board and defendant Curnias in their failure to maintain control over the activities in the physical education class. Here, based on the complaint as pleaded, the defendants were functioning as agents of the municipality and, therefore, cannot invoke the protections of sovereign immunity. See Cheshire v. McKenney, supra, 182 Conn. 258-59. Accordingly, the defendants' motion to strike on the ground that sovereign immunity bars the plaintiffs' claims is denied. Rodriguez v. Sullivan, 10 Conn.L.Rptr. 11, 362 (January 3, 1994).
Governmental Immunity
In their memorandum of law in support of their motion to strike, the defendants also argue that governmental immunity shields them from liability in the present case because the acts or omissions of the defendants were discretionary in nature. The defendants further argue that none of the three exceptions to the doctrine of governmental immunity is available to the plaintiffs in the present case. Therefore, the defendants argue that General Statutes § 52-557n(a)(2)(b) protects them from suit by the plaintiffs.
In response, the plaintiffs argue that whether the acts and omissions alleged against the defendants are discretionary or ministerial is a factual issue inappropriate for determination on a motion to strike. The plaintiffs further argue that the legislative intent of General Statutes § 52-557n(b) clearly precludes immunity as a matter of law for a teacher's negligent supervision. Finally, the plaintiffs argue that the defendants are excepted from qualified immunity because the minor plaintiff was a member of a narrowly defined class of persons exposed to an imminent threat of harm.
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity." (Citations omitted.) Heigl v. Board of Education, supra,218 Conn. 4. However, governmental immunity is not a blanket protection for all official acts. For example, "[a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. . . ." (Citations omitted; internal quotations marks omitted.) Gordon v. BridgeportHousing Authority, supra, 208 Conn. 167. CT Page 5123-CCC
Similarly, "a municipal employee has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131
(1989).
There are "three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness, or intent to injure, rather than negligence." (Citations omitted.) Id.
General Statutes § 52-557n(a)(2)(B), the statute on which the defendants primarily rely in support of their motion to strike, provides: "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." (Emphasis added.)
In the present case, the alleged acts or omissions of the defendants appear to have been discretionary. Considerations of who to hire, how to train such people, and how to supervise employees are decisions requiring the use of judgment and discretion. See Gordon v. Bridgeport Housing Authority, supra,208 Conn. 179. Similarly, a physical education teacher uses judgment and discretion in choosing what sports or games to play in a physical education class, and in supervising such activities. Therefore, defendants were apparently engaged in a discretionary function at the time that the alleged minor plaintiff's injuries occurred.
Plaintiffs argue that the minor plaintiff falls into a narrowly defined class of persons against whom the defendants cannot invoke the doctrine of governmental immunity. CT Page 5123-DDD Specifically, the plaintiffs argue that the defendants are excepted from qualified immunity because the minor plaintiff was a member of a narrowly defined class of persons exposed to an imminent threat of harm. This court agrees.
Viewing the allegations in the First Count of the complaint in the light most favorable to the plaintiffs, as the court must, the plaintiffs have asserted a valid cause of action which precludes the defendants from invoking the protections of governmental immunity. The plaintiffs allege that defendant Curnias failed to adequately and properly instruct the students in her physical education class concerning the use of hockey sticks; failed to monitor and supervise the students; and failed to enforce or apply rules. (Plaintiffs' Complaint, Count One, para. 10.) In a situation such as that alleged, there existed a significant likelihood that the type of harm that occurred could occur. Evon v. Andrews, 211 Conn. 501, 505 (1989). All students in defendant Curnias' physical education class who participated in the floor hockey game on November 17, 1993 were members of a foreseeable class of persons to whom the defendant Board and defendant Curnias owed a duty of care. Sestito v. Groton,178 Conn. 520, 527-28 (1979). Therefore, I conclude that the plaintiffs have alleged sufficient facts so as to preclude the defendant Board and defendant Curnias from successfully invoking the doctrine of governmental immunity in its motion to strike. See Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1
(1994).
Finally, it is worth noting that plaintiffs are asserting a claim against the defendant Board based on the alleged negligent acts or omissions of its employee. Count One contains allegations of negligent supervision on the part of the Board's employee. Thus, based upon the legislative history of General Statutes § 52-557n(b), § 52-557n(a)(2)(B) does not appear to shield the Board from claims of negligent supervision. Sanzone v.Board of Police Commissioners, 219 Conn. 179, 188 (1991). See also Beecher v. Prather, 9 CSCR 347, Superior Court, judicial district of New Haven at New Haven, Docket No. 344831 (March 1, 1994, Hodgson, J.) (where plaintiff student's claim is based on negligence of defendant teacher with regard to supervisory duties, General Statutes § 52-557n does not shield defendant from liability).
In light of the above analysis, the defendants' motion to strike the First Count of the plaintiffs' complaint on the ground CT Page 5123-EEE that governmental immunity bars such claims against the defendant Board and defendant Curnias is also denied. Because the Third Count is a claim for damages derivative of the First Count, the defendants' motion to strike that count is denied as well.
Douglas S. Lavine Judge, Superior Court