[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON DEFENDANTS' MOTION TO DISMISS
The plaintiff, Joseph M. Sullivan, Jr., brings this action against the State of Connecticut, Theodore R. Anson, Commissioner of Public Works, and Honorable Aaron Ment, Chief Court Administrator, for property damage sustained as a result of the overflow of water onto the plaintiff's property from the Superior Court building in New London, Connecticut. The defendants Anson and Ment move to dismiss the complaint for lack of subject matter jurisdiction under the doctrine of sovereign immunity.
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a CT Page 380-A motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364
(1994).
General Statutes § 4-165 states, in relevant part, that "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter." General Statutes § 4-160 (a) states that "[w]hen the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." The complaint alleges that the claims commissioner authorized the plaintiff to sue the state pursuant to § 4-160 (a).
"Connecticut has long recognized the common-law rule that the state, as a consequence of its sovereignty, is immune from suit unless by appropriate legislative act it has consented to be sued." Textron, Inc. v. Wood, 167 Conn. 334,339 (1974). Section 4-160 provides a mechanism by which the state may waive its immunity, as the state did with respect to the claims set forth herein. The defendant's motion to dismiss raises the question of whether a waiver of immunity CT Page 380-B allows a plaintiff to assert claims against state officials as well as the state. In other words, does the doctrine of sovereign immunity extend to state officials acting in their official capacities where immunity is waived by the claims commissioner pursuant to § 4-160(a)? The plaintiff concedes in his brief in support of the motion to dismiss that the defendants are being sued in their official capacities.
The defendants rely on Somers v. Hill, 143 Conn. 476
(1956). In Somers, the plaintiff instituted an action against an adjoining property owner and the defendant Hill, highway commissioner of the state of Connecticut, for damages resulting from the defendants' conduct in discharging surface water onto the plaintiff's land. The commissioner filed a demurrer to the complaint on the ground that the state was the real party in interest and an action against the sovereign is prohibited unless it consents to suit. The trial court granted the demurrer and the plaintiff appealed.
The Supreme Court found that "where a state official has been sued concerning some matter in which he represents the state and the state, though not a named defendant, is the real party against whom relief is sought, so that the judgment . . . will operate to control the activities of the state or subject it to liability, the suit is, in effect, one against CT Page 380-C the state and cannot be maintained without its consent." Id., 479-80. In this regard, the court observed that "[d]amages are sought for injuries alleged to have been caused by the commissioner in carrying out specific acts for which the state employs him, and injunctive relief is requested to restrain him, in his official capacity, from performing duties imposed on him by law." Id., 480. The court affirmed the trial court and stated that "the office of highway commissioner is an agency of the state created for the purpose of carrying out a state function, and for this reason, the commissioner, holding that office, is, so far as the allegations of this complaint are concerned, clothed with immunity from suit against him as the representative of the state." Id., 480.
Somers addresses whether the doctrine of sovereign immunity applies to bar an action against a state official, sued in his official capacity, where the state has not waived its immunity. It does not address the issue of whether the state official may be sued once immunity is waived. Consequently, Somers is of limited applicability in the present case.
In McKinley v. Musshorn, 185 Conn. 616 (1981), the plaintiff brought an action against the defendant for personal injury caused by negligent operation of a motor vehicle while CT Page 380-D both parties were acting within the scope of their employment as state employees. The state intervened and filed a motion to dismiss for lack of subject matter jurisdiction. The trial court granted the motion holding that the plaintiff's action was barred by the immunity granted to state employees under § 4-165. In his appeal, the plaintiff argued that, when injuries are caused by the negligent operation of a motor vehicle, the immunity provided by § 4-165 is superseded by other provisions of the General Statutes. Specifically, the plaintiff referred to General Statutes § 31-293a, the exception to the exclusivity provision of the Worker's Compensation Act for negligent operation of a motor vehicle, and to General Statutes § 52-556, under which the state may be sued for the negligence of any state employee while operating a state-owned motor vehicle. The court disagreed with the plaintiff and held that the immunity provided by § 4-165
superseded the exception in § 31-293a. In analyzing the claim that § 52-556 permitted an action against the defendant, the court stated that if the plaintiff had any right to proceed, "it would have to be against the state, not the defendant state employee." Id., 622.
McKinley lends support to the proposition that the state's waiver of immunity creates a right of action against the state but not against the state employee. See also CT Page 380-EBarrett v. Scozzafava, Superior Court, judicial district of Waterbury, Docket No. 117972 (October 31, 1994, Sullivan, J.,9 Conn. L. Rptr. 1220) (stating that under § 4-165 "a claim for damage or injury caused by an officer of the state while acting within the scope of his employment must be brought under the procedures for asserting claims against the state under General Statutes § 4-141, et seq.").
Because § 4-165 abrogates common law rights of redress against state officers and employees, the statute must be strictly construed. McKinley v. Musshorn, supra,185 Conn. 621. Neither § 4-160 nor § 4-165 contains language indicating that the plaintiff may bring an action against the defendants in their official capacities once the commissioner consents to suit. Section 4-160 (a) states only that suit may be brought "against the state."
An individual having a liability claim for which a state official is immune under § 4-165 may present it as a claim against the state to the claims commissioner, but may not, in any suit authorized by the commissioner, proceed against a state official who has acted in his official capacity.
For the reasons stated above, the defendants' motion to dismiss as to defendants Anson and Ment is granted. CT Page 380-F
Hendel, J.