[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
 FACTS
CT Page 10760
This case arises out of past litigation initiated by Connecticut's commissioner of consumer protection against an adoption agency. The plaintiffs, Adoption Services of Connecticut, Inc. (Adoption Services) and Kenneth Keller,[1] have alleged vexatious litigation against the defendant, Mark Shiffrin, because the defendant, as the commissioner of consumer protection, had filed a suit against the plaintiff that was subsequently withdrawn.
The facts reveal that the defendant, acting in his official capacity as commissioner of consumer protection, initiated a law suit against the plaintiff. Part of the complaint requested that a receiver be appointed pursuant to General Statutes § 42-110m,[2] a part of the Connecticut Unfair Trade Practices Act. A preliminary trial was held to determine this cause of action. On May 19, 1995, after three days of testimony the court, Stanley, J., acting as the fact finder dismissed the case, sua sponte, after only hearing the state's evidence. He found that the state had failed to prove its case by clear and convincing evidence.
On April 13, 1998, the plaintiff filed suit against the defendant.[3]
The defendant answered the complaint and filed special defenses on May 3, 1999. On February 27, 2002, the defendant filed a motion for summary judgment. The defendant argues in his motion that the court lacks subject matter jurisdiction due to sovereign immunity. The defendant also contends that he has statutory immunity, pursuant to General Statutes § 4-165 and that he has an absolute defense because his action was undertaken on the advice of counsel.
 DISCUSSION I
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction. . . . (Internal quotation marks omitted.) Kizis v. MorseDiesel International, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002). "The defendants' procedural vehicle for asserting the defense of sovereign immunity is a motion for summary judgment. Because the claim of sovereign immunity implicates the subject matter jurisdiction of the court . . . the defendants' motion, although styled a motion for summary judgment, is deemed to be and is considered a motion to dismiss for lack of subject matter jurisdiction." (Citation omitted.) Moss v. Commissioner ofCorrection, Superior Court, judicial district of Waterbury, Docket No. CV 97-0140789 (September 17, 2001, Holzberg, J.)[4]
The defendant argues that the court lacks subject matter jurisdiction because of sovereign immunity. The plaintiff argues, however, that he has sued the defendant in his individual capacity and, therefore, sovereign CT Page 10761 immunity has not been implicated.
"Although the present action was brought against the defendant in his personal capacity, the state is correct in asserting that [t]he fact that the state is not named as a defendant does not conclusively establish that the action is not within the principle which prohibits actions against the sovereign without its consent. . . . The vital test is to be found in the essential nature and effect of the proceeding. . . . The [Supreme Court has] laid down the following criteria for determining whether the suit is, in effect, one against the state and cannot be maintained without its consent: (1) a state official has been sued; (2) the suit concerns some matter in which that official represents the state; (3) the state is the real party against whom relief is sought; and (4) the judgment, though nominally against the official, will operate to control the activities of the state or subject it to liability." (Citation omitted; internal quotation marks omitted.) Spring v.Constantino, 168 Conn. 563, 568, 362 A.2d 871 (1975). "The doctrine of sovereign immunity does not mandate that all suits against government officers in either their official or individual capacities, since they are in effect against the government, must be barred. The rule is well settled, however, that a suit against an officer of a state as representing the state in action and liability, where the state is the real party against whom relief is sought, and where judgment for the plaintiff, although nominally against the officer as an individual, would operate to control the action of the state or subject it to liability, is barred." (Emphasis in original.) Fetterman v. University of Connecticut,192 Conn. 539, 552, 473 A.2d 1176 (1984).
In deciding whether the suit is really against the state, the court must look to the four criteria set fourth in Spring. Clearly, the first two criteria, that a state official has been sued and that the suit concerns a matter in which the official represents the state, have been met. Shiffrin was a state official and has been sued for a matter in which he represented the state. The final two criteria require more analysis.
The third criteria requires that the state be the real party from which relief is sought. Though not often analyzed, Somers v. Hill, 143 Conn. 476,123 A.2d 468 (1956), turned upon this factor. In that case, the plaintiff had sued the highway commissioner for negligent discharge of waters upon the highways. Id., 477. The Supreme Court found "[t]he state is clearly the real party in interest in the case at bar. Damages are sought for injuries alleged to have been caused by the commissioner in carrying out specific acts for which the state employs him, and injunctive relief is requested to restrain him, in his official capacity, from performing duties imposed on him by law. In short, the office of highway CT Page 10762 commissioner is an agency of the state created for the purpose of carrying out a state function, and for this reason, the commissioner, holding that office, is, so far as the allegations of this complaint are concerned, clothed with immunity from suit against him as the representative of the state." Id., 480.
The complaint in the present case makes the state the real party in interest. The commissioner of consumer protection is alleged to have caused the injury complained of while carrying out a duty entrusted upon him by § 42-110m. Because the department is an agency created by the state for state purposes, the present lawsuit makes the state the real party in interest. The plaintiff has sued the defendant for carrying out those duties.
The fourth criteria, concerning whether the judgment will control the activity of the state, also requires some analysis. Most often this factor has been critical in cases where school agencies have been sued because their activities are sometimes state functions and sometimes municipal functions. See, e.g., Purzvcki v. Fairfield, 244 Conn. 101,112, 708 A.2d 937 (1998) (duty to supervise school children is a duty of the municipality and, therefore, it does not control the activities of the state); Cahill v. Board of Education, 187 Conn. 94, 102, 494 A.2d 907
(1982) (same for employment contract with the board); R.A. Civitello Co.v. New Haven, 6 Conn. App. 212, 220, 504 A.2d 542 (1986), questioned on other grounds, Grigerik v. Sharpe, 247 Conn. 293, 304, 721 A.2d 526
(1998) (same for funding education). This criteria, however, has been discussed outside the realm of educational actors in a recent Appellate Court case. In Hultman v. Blumenthal, 67 Conn. App. 613, 787 A.2d 666, cert. denied, 259 Conn. 929, 793 A.2d 253 (2002), the plaintiffs sued the attorney general for emotional distress allegedly caused by public statements he had made concerning the suspension of their healthcare facility. Id., 615. The court found that "[t]he fourth criterion is met because any judgment against the defendant would operate to control the activities of the state, specifically the role of the attorney general's office in informing the public." Id., 621.
The judgment in the present case would control the activities of the state. If the plaintiff were to obtain a judgment against the commissioner in the present case, it would affect how the office of consumer protection would bring future lawsuits against businesses allegedly engaged in unfair trade practices.
All four criteria are met. The defendant has sovereign immunity. "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Shay v. Rossi, 253 Conn. 134, 169, 749 A.2d 1147 (2000). The CT Page 10763 defendant contends, in his brief, that he has demonstrated that his actions do not fit within any of the exceptions to sovereign immunity. There has been no suggestion that the defendant acted pursuant to an unconstitutional statute. However, the court must determine whether the defendant has shown that he did not act in excess of his statutory authority.
What constitutes action that is in excess of statutory authority is not clearly defined. "Although we cannot. . . . at this stage of our jurisprudence, define with any degree of specificity where the line is, we think it is somewhere between . . . two poles, namely, at "one pole, the standard for abrogation of judicial immunity, and at the other pole, that a process of statutory interpretation yields a conclusion that the state officials acted beyond their authority." Id., 172.
In order to determine whether the demonstrated facts implicate this exception to sovereign immunity, the court must look at the documents submitted by the parties. See Id., 141. The defendant avers that DCF employees, in preparation for the underlying case, investigated the case by "inspecting Adoption Services' records and obtaining statements from its employees, former employees, clients and former clients." The defendant avers that "[t]he evidence and testimony gathered in the course of the DCF investigation supported both the allegations and the relief sought in the proposed CUTPA complaint against Adoption Services and Kenneth Keller . . . " without explaining how that evidence supported the complaint. Keller claims, from his knowledge as the chief executive officer of Adoption Services, that the state's case against Adoption Services and himself was ill-founded. The affidavit, in great detail, goes through the complaint to illustrate that the underlying complaint was baseless and that the defendant did not verify his allegations.
These claims of the plaintiff, at most, demonstrate that the defendant instituted the state's case without probable cause. The question, however, is whether this conduct would operate to allow the plaintiff to continue suit against the defendant because the defendant acted in excess of his statutory authority.
In the seminal case of Shay v. Rossi, 253, Conn. 134 (2000) the Supreme Court looked to several facts to determine whether the plaintiffs had properly alleged that the defendants had acted in excess of their statutory authority. Overturning a motion to dismiss a complaint predicated upon an investigation by the department of families and children, the court found that "the critical factual allegations in the plaintiffs' complaint are that: (1) the neglect and abuse petitions were filed without probable cause and in the face of overwhelming evidence of the absence of abuse and neglect; (2) the defendants' refusal to withdraw CT Page 10764 the petitions and their insistence that Stephen Shay undergo in-home supervision and counseling were contrary to the evidence in the record and the advice of department staff; and (3) the defendants' conclusion that neglect and abuse of the Shay children had been confirmed was without foundation, unreasonable, arbitrary, wilful, wanton, reckless and malicious, and designed to vindicate and legiti[mize] their handling ofthe Shay case which was, from the outset, unlawful, uncaring, andunnecessary. (Emphasis added.) These allegations, including the last allegation in particular, read broadly in the plaintiffs' favor, as they must be . . . charge the defendants with improper and self-serving motives in filing the neglect and abuse petitions, in pursuing them for as long as they did, and in pursuing the in-home supervision of the family for as long as they did." (Citation omitted; internal quotation marks omitted.) Id., 173.
The facts of the present case are much less severe. Though the plaintiff has perhaps demonstrated the defendant's initiation of the suit without probable cause, the defendant and the plaintiff both have shown that the defendant, upon having the preliminary case dismissed, withdrew the whole case against the plaintiff. The defendant did not, in the face of contrary findings in the record and in court, continue to pursue the matter and force a settlement or courtroom victory against the plaintiff, unlike the alleged actions of the defendants in Shay v.Rossi.[5] Cf., Hultman v. Blumenthal, supra,67 Conn. App. 622 ("Unlike the defendants in Shay, the defendant in this case was not acting to justify prior misconduct. The defendant was informing the public of an investigation duly conducted by his office and was carrying out the government policy of reporting to the public those facts that the attorney general claimed supported the allegations of medicaid fraud.") The defendant has demonstrated that he did not act in excess of his statutory authority. The defendant is entitled to the protection of sovereign immunity and, therefore, the court lacks subject matter jurisdiction over the defendant.
 CONCLUSION
The seventh count is dismissed for lack of subject matter jurisdiction.
The court,
 By: _______________________ Kevin E. Booth, Judge