Plaintiff filed a three-count complaint alleging negligence against two city employees in the first count, indemnification for that negligence by the City of Bridgeport in the second count and nuisance in the third count.
Defendant City of Bridgeport moved to strike all three counts on the following grounds:
 1. General Statutes 52-557n(b)(6) exempts municipalities from the tortious or criminal acts of third parties.
 2. The City of Bridgeport did not own the property on which the plaintiff was injured.
 3. Plaintiff does not set forth a legally cognizable nuisance claim. As such, liability may not be based on a failure to maintain.
A motion to strike contests the legal sufficiency of the allegations of a pleading. Connecticut Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The motion admits all facts well pleaded and those necessarily implied therefrom. Norwich v. Silverberg, 200 Conn. 367, 370 (1986). The court, in ruling on such a motion, is limited to the facts alleged in the pleading. King v. Board of Education, 195 Conn. 90, 93 (1985). Further, the court must construe the allegations of the complaint most favorably to the nonmoving party. Amodio v. Cunningham,182 Conn. 80, 82-83 (1980).
In the first count plaintiff alleges that he was walking along a street in the City of Bridgeport when he was mugged, dragged into a building which was once used as a firehouse by the City of CT Page 5472 Bridgeport, robbed and thrown out of the second floor window causing serious injuries. Plaintiff claims that the named employees of the City of Bridgeport were responsible for inspecting and maintaining this firehouse even though plaintiff, by way of an admission, admitted that the defendant City of Bridgeport did not own the firehouse at the time of the claimed incident.
The second count incorporates those allegations and alleges that the city is responsible pursuant to Connecticut General Statutes 7-465 providing for indemnification by a city for the negligence of its employees.
Defendant's motion to strike is well taken as to the first two counts based on Connecticut General Statutes 52-557n(b)(6) which provides in relevant part:
 (b) Notwithstanding the provisions of subsection (a) of this section, a political division of the state or any employee, officer, or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . .(6) the act or omission of someone other than an employee, officer or agent of the political subdivision;
This statute shields a municipality from liability in a situation as alleged in the first two counts from liability for the tortious or criminal acts of third parties. Defendant also points out in its brief, at page five, that the legislative history of this act, part of what is generally known as "Tort Reform", clearly states the reason for the enactment of the statute. Representative Jaekle made the following statement in support of the legislation:
 [S]ubsection (b) tries to define specific areas of municipal responsibility. I like to generally regard it as one party removed from actually causing any damages. And, specifically it removes that liability from the municipality. Not for their direct actions, but for the actions of somebody else that through very creative lawyers, towns have been held liable for the actions of others. And this starts specifically listing those types of actions we don't feel municipalities should be liable for.
The statute precludes liability under the circumstances alleged, and for that reason, the motion to strike is granted as to counts one and two.
As to count three, the plaintiff alleges that the exception in subsection (a) of the statute on which the city relies authorizes a cause of action for creation or participation in the creation of a nuisance by a municipality. Connecticut General Statutes 52-557n(a) (1)(C) provides in relevant part: CT Page 5473
 (a)(1). . .a political subdivision of the state shall be liable for damages to person or property caused by: . . . C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance. . . .
Paragraph seven of the third count alleges: "Said injuries were caused by the public nuisance created and maintained by the Defendant, City of Bridgeport." Paragraph eight of the same count goes on to allege: "As a result of the public nuisance created by the Defendant, City of Bridgeport, the Plaintiff sustained the following serious, painful and permanent injuries, . . . ." In earlier paragraphs the plaintiff alleged that the firehouse was unsecured and in a dilapidated condition and as such was used as a refuge by criminals, derelicts and vagrants.
It may well be that the proximate cause of plaintiff's injuries was not the alleged nuisance but rather only the tortious acts of the third parties. However, the court must construe the allegations most favorably to the nonmoving party, and here plaintiff has alleged the creation of a nuisance and has also alleged that it was the proximate cause of his injuries. On a motion to strike, the court is not called upon to determine whether or not plaintiff can prove these allegations.
The motion to strike as to count three is denied.