[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, David Prather, has moved to strike the plaintiffs' complaint on the sole ground that 52-557n(b) C.G.S. bars their claims against a public school teacher they claim failed to supervise his class.
That statute provides, in relevant part, that:
 A political subdivision of the state or any employee . . . acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision.
A motion to strike tests the legal sufficiency of the allegations of a complaint or a count thereof to state a cause of CT Page 2132 action upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), Practice Book 152. The motion admits all well-pleaded facts, Pepe v. New Britain,203 Conn. 281, 288 (1987); and the facts are taken to be those alleged in the complaint, construed in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). Those facts necessarily implied from the allegations of the complaint are also taken as admitted. Amodio v. Cunningham, supra, 182 Conn. 83; DeMello v. Plainville, 170 Conn. 675, 677 (1976).
The complaint alleges that Meredith Beecher, a student at North Branford High School, was struck on the head by a hockey stick held by one Todd Jackson during a gym class. She alleges through her next friend, Vickie Beecher, that the defendant was the teacher assigned to supervise the gym class and that he left the gym, leaving the class unsupervised. The plaintiff claims that her injury was caused by the defendant teacher's failure to supervise the activities of the students when they were engaged in an activity that would be dangerous if pursued without supervision.
The defendant claims that the complaint seeks to hold him liable for the negligence of Todd Jackson and is therefore barred by 52-557n(b) C.G.S.
The motion raises no other theory of immunity; therefore, none will be considered.
Though the defendant asserted at oral argument that the cited statute was part of a public act enacted in 1992, such is not the case. The provision is part of P.A. 86-338, the Tort Reform Act of 1986. In that enactment, the legislature enacted, among other things, statutory liabilities and immunities of political subdivisions, their employees, officer and agents. As codified in52-557n, subsection (a) defines the liability of a political subdivision for the negligence of its employees and subsection (b) imposes certain limitations on such liability, including the limitation cited by the defendant.
On its face, 52-557n(b) C.G.S. does not abolish all liability for negligence of public employees, and it cannot be accorded a reach beyond its express language. Yale University School of Medicine v. Collier, 206 Conn. 31, 37 (1988). A statute should not be construed as altering the common law to a greater extent than the words of the statute indicate, and should not be construed as making any innovation upon the common law which the statute does CT Page 2133 not fairly express. Dart Bogue Co. v. Slosberg, 202 Conn. 566,573 (1987); Skorpios Properties, Ltd. v. Waage, 172 Conn. 152, 156
(1976).
The plaintiff has not pleaded that the defendant is liable for the actions of another; she seeks to hold him liable for his own negligence in leaving a class unattended while its members performed a potentially hazardous activity that she alleges required supervision. In short, the plaintiff seeks to hold the defendant liable not for Todd Jackson's negligence, but for his own alleged negligence.
The defendant takes the position that because the immediate cause of the injury to the plaintiff was contact between her head and a hockey stick held by Todd Jackson, the damages "resulted from" the act of someone other than an employee, officer or agent of the political subdivision, within the meaning of 52-557n(b)(6) C.G.S. It is not clear, however, that the cited language provides immunity only against claims of vicarious liability or whether it applies whenever there is any other human action in the chain of causation.
Though the Connecticut Supreme Court has characterized the legislative history of 52-557n(a) as ". . . worse than murky, it contradictory . . ." Sanzone v. Board of Police Commissioners, Conn. 179, 188 (1991), the legislative history reveals that the section of the legislation concerning municipal liabilities and immunities originally contained a provision making municipalities and their employees immune from claims of negligent supervision. In explaining this provision, Rep. Jaekle stated as follows:
 Through you, Mr. Speaker, what it would mean to me is [that if] two school children are fighting in the hall and one injures the other, that the school teacher who was the hall monitor, may be around the corner, would not be responsible, or more appropriately, the municipality would not be held liable because of some claim that the teachers had breached their obligation to supervise and that breach resulted in the children in our schools severely injuring each other.
H.R. Proc. 1986 Sess., p. 448. CT Page 2134
There was much adverse comment about this provision in both chambers of General Assembly, and on May 6, 1986, the House passed Senate Amendment E, eliminating the provision that would have created immunity from claims of negligent supervision. H.R. Proc. 1986 Sess., p. 594.
At the time the House of Representatives amended the bill before it to eliminate its provision for immunity for negligent supervision, Rep. Frankel offered the following explanation:
 This is one of the items that we were pleading before be removed from the file. This is an excellent amendment. The bill contains 10 brand new immunities to municipalities that were never there before, 10 of them.
 This removes one of the most serious flaws by removing that portion where we were granting immunity to teachers and lifeguards, absolute immunity. By adopting this amendment, we will be taking that out of the immunity section and leaving the law intact so that we do have negligence on the part of municipalities when there is negligent supervision.
The amendment passed by a vote of 145-1, with 5 absences. H.R. Proc. 1986 Sess., pp. 594-596.
The final version of P.A. 86-338 does not contain a provision making municipalities and their employees immune from claims of negligent supervision, and this court cannot therefore construe52-557n(b)(6) as creating such immunity, especially given the express rejection by the General Assembly of a proposal to enact immunity for negligent supervision by a teacher.
The defendant's reliance on Arvoy v. City of Stamford,2 Conn. L. Rptr. 317 (1990) and DaSilva v. City of Bridgeport,7 C.S.C.R. 885
(1992) is misplaced. The latter case did not involve negligent supervision by a school teacher, and the former did not take note of the legislative history cited above.
Since the plaintiff's claim is based not on the negligence of the student but on the negligence of the defendant teacher with regard to supervisory duties, the situation is not one to which CT Page 213552-557n(b)(6) C.G.S. applies. Since no other ground is alleged, the motion to strike is denied.
 Beverly J. Hodgson Judge of the Superior Court