[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 111
The plaintiffs, Darris Stowers, Jr. and Kathleen Stowers, bring this action as parents and next friends of the minor plaintiff, Darris Stowers III, to recover for injuries sustained by the minor plaintiff when he was allegedly pushed in front of a moving automobile. Named as defendants are Lance Arrington, Robin Arrington, Lawrence Smith and the Town of Stratford Board of Education (Board).
In an amended six count complaint dated May 4, 1994, the plaintiffs allege that on April 30, 1992, the plaintiff was exiting the Franklin School, located in the Town of Stratford. The plaintiffs allege that at that time and place, Lance CT Page 9906 Arrington, a minor, pushed the minor plaintiff and caused him to fall into the path of an oncoming automobile owned and operated by Lawrence Smith. The plaintiffs allege that at the time of the incident, the Board employed a crossing guard to direct pedestrian and vehicular traffic in front of the Franklin School.
The first through fourth counts of the amended complaint assert causes of action against Lance Arrington, Robin Arrington and Lawrence Smith, and are not relevant to the motion pending before this court. In the fifth count, the plaintiffs allege that the Board, acting through its employee (the crossing guard), was negligent in that:
a. the crossing guard failed to halt traffic while the minor plaintiff was on the road in front of the Franklin School;
b. the crossing guard failed to restrain the minor defendant from pushing the minor plaintiff into the street;
c. the Board failed to provide adequate supervision of the students as they were leaving the Franklin School;
d. the crossing guard failed to observe the minor defendant's attack on the minor plaintiff; and
e. the crossing guard knew or should have known that at that time, the minor school children were not cognizant of the traffic dangers.
On June 28, 1994, the Board filed a motion to strike the fifth count of the plaintiffs' amended complaint (#111) on the ground that the plaintiffs' claim is barred by General Statutes § 52-557n(b)(6). On July 13, 1994, the plaintiffs filed a memorandum in opposition to the Board's motion.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, . . . or any one or more counts thereof, to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 91989). A motion to strike admits all well-pleaded facts; Mingachos v. CBS,Inc. 196 Conn. 91, 108, 491 A.2d 368 (1985); which must be construed in the light most favorable to the pleader. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, CT Page 9907618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,496, 605 A.2d 862 (1992).
In support of its motion, the Board argues that the fifth count is legally insufficient because the assault by Lance Arrington was the immediate cause of the minor plaintiff's injuries. The Board contends that § 52-557n(b)(6) shields it from liability for injuries which are the result of an act or omission of someone other than an employee. Thus, the Board argues that the fifth count is legally insufficient because the plaintiffs are attempting to impose liability on the Board based on the actions of Lance Arrington, a third party.
In response, the plaintiffs argue that their negligence claim against the Board is properly based on the alleged acts or omissions of its employee, the crossing guard. The plaintiffs contend that they are not attempting to impose liability on the Board based on the acts of a third party.
General Statutes § 52-557n(b) provides in part that "[a] political subdivision of the state or any employee . . . acting within the scope of his employment . . . shall not be liable for damages to person or property resulting from: . . . (6) the act or omission of someone other than an employee, officer or agent of the political subdivision." Thus, it is clear that if the plaintiffs were attempting to hold the Board liable for the acts of Lance Arrington, their claim would be barred by § 52-557n(b)(6).
However, in reading the fifth count in the light most favorable to the plaintiffs, it would appear that the plaintiffs are not attempting to hold the Board liable for the actions of a third party. Rather, the plaintiffs are asserting a claim against the Board based on the alleged negligent acts or omissions of its employee. Further, the plaintiffs allege that the crossing guard's negligent acts were committed in the course of his or her employment.
In Beecher v. Prather, 9 CSCR 347 (March 1, 1994, Hodgson, J.), a case in which a claim for negligent supervision was asserted against a teacher, the court examined the legislative history of § 52-557n(b)(6) and concluded that:
[t]he final version of [the Public Act] does CT Page 9908 not contain a provision making municipalities and their employees immune from claims of negligent supervision, and this court cannot therefore construe § 52-557n(b)(6) as creating such immunity, especially given the express rejection by the General Assembly of a proposal to enact immunity for negligent supervision by a teacher.
Id. In the present case, the fifth count contains allegations of negligent supervision on the part of the Board's employee. Thus, based upon the legislative history, § 52-557n(b)(6) does not shield the Board from claims of negligent supervision.
The Board also argues that the immediate cause of the minor plaintiff's injury was the alleged assault by Lance Arrington, and thus, the minor plaintiff's injuries "resulted from" the act of someone other than the Board's employee. The question of whether the minor plaintiff's injuries "resulted from" the negligence of the crossing guard or the negligence of one of the other defendants is a question for the trier of fact, and as such, cannot be resolved in the context of ruling on a motion to strike.
 Conclusions of proximate cause are to be drawn by the jury and not by the court. . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact.
(Citations omitted; internal quotation marks omitted.) Doe v.Manheimer, 212 Conn. 748, 757, 563 A.2d 699 (1989).
For all of the above-stated reasons, the court denies the Board's motion to strike the fifth count of the plaintiffs' amended complaint.
MAIOCCO, JUDGE CT Page 9909