DAGMAR SARNO, CONSERVATRIX (ESTATE OF
TRACY SARNO) *v.* JOHN WHALEN ET AL.
(15050)

PETERS, C. J., and CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued May 24—decision released June 20, 1995

*Henry Lyons III*, with whom was *James H. Lee*, for the appellant (plaintiff).

*Barbara Brazzel-Massaro*, associate city attorney, with whom, on the brief, was *John H. Barton*, city attorney, for the appellees (named defendant et al.).

*Mary-Michelle U. Hirschoff* filed a brief for the Connecticut Conference of Municipalities et al. as amici curiae.

PER CURIAM. In this personal injury action, the plaintiff, Dagmar Sarno, conservatrix for Tracy Sarno, asks us to reconsider *Shore* v. *Stonington*, 187 Conn. 147, 444 A.2d 1379 (1982), in which this court held that a police officer has no duty to exercise his or her discretionary authority to detain an inebriated driver in order to protect members of the motoring public. In her complaint, the plaintiff alleged that the defendant police officers, John Whalen and Alfonso Sneed, negligently had failed to detain a drunk driver, the defendant Armando Perez, thereby causing Tracy Sarno to sus-

tain injuries in a subsequent collision between her vehicle and a vehicle driven by Perez. The trial court granted the motion for summary judgment filed by Whalen, Sneed and the defendant city of Bridgeport (defendants).[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm.

The plaintiff maintains that developments in our statutory and case law subsequent to *Shore* make it appropriate for us to reconsider the merits of that decision. See General Statutes §§ 14-227a (operation of motor vehicle while under the influence), 52-557n (liability of political subdivision and its employees, officers and agents); *Burns* v. *Board of Education*, 228 Conn. 640, 638 A.2d 1 (1994) (examining duty of superintendent of public schools to maintain safe school grounds); *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 544 A.2d 1185 (1988) (examining duty of public housing authority to maintain safe housing). Even if we were to declare that the defendants had some duty to the plaintiff, however, any such duty would not be broad enough to result in liability in the circumstances of this case. We therefore defer any possible reconsideration of *Shore* to another day.

The opinion in *Shore* recites the following facts. "On January 14, 1980, at approximately 10:40 p.m., Lieutenant Edward Sylvia, a police officer of the town of Stonington, was engaged in the performance of his duties as a shift supervisor. As Sylvia proceeded east on Route One in Stonington, he observed a green Pontiac automobile on the same highway heading in a westerly direction at a fast rate of speed. Sylvia

---

[1] The plaintiff alleged that the city of Bridgeport, the employer of Whalen and Sneed, was vicariously liable for their negligence.

turned his cruiser around and proceeded to follow the Pontiac. He observed the vehicle cross the center line of the highway a few times and then pull into the parking lot of the defendant Veterans of Foreign Wars, Harley P. Chase Post 1265 (hereinafter V.F.W.).

"Sylvia followed the vehicle into the lot, got out of his cruiser, and approached the driver, later identified as Mark Cugini. When the officer asked Cugini where he was going in such a hurry, Cugini replied that he was there to pick up his girlfriend at the V.F.W. Sylvia informed him that if he wanted to keep his driver's license, he had better slow down and should let his girlfriend drive. The officer departed for other duties. Cugini entered the V.F.W. The evidence concerning his condition of sobriety as he entered the V.F.W., considered in the light most favorable to the plaintiff, could reasonably lead to a conclusion that he was under the influence of intoxicating liquor or drugs. Cugini did not drink at the V.F.W. After a short conversation with one of its patrons, he left and drove away in the green Pontiac.

"Subsequently that evening at about 11:30 p.m., Cugini, driving along Route 78 in Westerly, Rhode Island, at a high rate of speed, struck a vehicle being operated by the plaintiff's decedent, Sherry Shore. Mrs. Shore died from the injuries suffered as a result of the collision." *Shore* v. *Stonington, supra,* 187 Conn. 150–51.

The trial court in this case had before it a substantially different factual record. The affidavits accompanying the motion for summary judgment reveal that, during the early morning hours of November 3, 1991, Whalen, a Bridgeport police officer, observed a van that was parked on Fairfield Avenue, about three feet from the curb. He spoke to Perez, the man who was sitting behind the wheel of the car, with the motor off. Whalen detected an odor of alcohol and learned that Perez, at

some time during the previous evening, had had a "couple of beers." Although Perez did not appear intoxicated, Whalen concluded that he was possibly impaired. When Perez' wife appeared on the scene, she showed Whalen her driver's license and told him that she knew how to drive the van. Whalen then directed her to drive the van away and observed her doing so, with Perez in the passenger seat. A short time thereafter, Tracy Sarno was injured as the result of an automobile accident in which her car allegedly was hit by a van driven by Perez.[2]

Unlike *Shore*, the factual record in this case establishes that officer Whalen: (1) did not observe Perez driving his van; and (2) did not leave the scene, after having determined that Perez was possibly impaired, without first directing someone other than Perez to drive the van away and observing that person doing so. These distinguishing facts persuade us not to reexamine the merits of *Shore* at this time.

The judgment is affirmed.

---

[2] The plaintiff's cause of action against Perez has not yet been resolved.