[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a three count negligence action brought by the plaintiff Bernice LaRochelle (plaintiff), as administratrix of the estate of Lisa Marie LaRochelle (decedent), against the defendants Hugh Teel, Jr. (Teel) and John Davis (Davis), of the Waterford Police Department, and the Town of Waterford.
The complaint alleges the following facts. On December 22, 1992, the decedent was a passenger in a vehicle driven by Patricia Plemons (Plemons). As Plemons drove on Route 1 in Waterford, she lost control of her vehicle and collided with a stone wall. As a result of the collision, the decedent suffered fatal injuries and died.
The first count of the complaint alleges that Teel was negligent in failing to stop Plemons from driving after he observed Plemons exit a bar in an intoxicated state and was advised by another patron of the bar that Plemons was incapable of operating a vehicle because of her intoxication CT Page 9824 and Teel took no action to restrain Plemons from driving. The second count of the complaint alleges that, while Davis was trying to stabilize the decedent at the scene of the accident, Plemons approached the decedent and forcibly shook her by the shoulders, thus contributing to her death, and Davis was negligent in not securing the scene of the accident before attending to the decedent. The third count of the complaint is a claim for indemnification against the Town of Waterford as a result of the negligence alleged in the previous two counts.
The defendants have moved to strike all three counts of the complaint on the ground that the police officers were performing discretionary acts for which they are immune from liability under the doctrine of governmental immunity.
The plaintiff admits that the failure to arrest an intoxicated person is a discretionary act, but claims that Teel can not escape liability for his actions because the decedent was an identifiable person to whom Teel owed a duty. In addition, the plaintiff also asserts that the failure to secure the accident scene by Davis was a ministerial and not a discretionary act for which the doctrine of governmental immunity does not apply.
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the pleader.Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210, 215 (1992). This includes the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495
(1992).
I. First Count
Relying on Shore v. Stonington, 187 Conn. 147 (1982), both parties agree that "a police officer has no duty to exercise his or her discretionary authority to detain an inebriated driver in order to protect members of the motoring public."Sarno v. Whalen, 233 Conn. 524 (1995). The plaintiff, however, distinguishes Shore and Sarno by the fact that the decedent in the present case was a passenger in the car driven by the inebriated Plemons while the decedents in Shore andSarno were other motorists on the highway. From this factual CT Page 9825 difference, the plaintiff asserts that Teel owed a duty of care to the decedent because his failure to act would subject an "identifiable person to imminent harm."[1]
In making this claim, the plaintiff relies on the case ofBurns v. Board of Education, 228 Conn. 640 (1994). In Burns,
the Supreme Court allowed a negligence suit to be brought against a local board of education and its superintendent when a student fell on an icy school yard. In finding that the student was a foreseeable victim, the court noted at pages 647-648:
 In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; whether the relationship was of a voluntary nature; the seriousness of the injury threatened; the duration of the threat of injury; and whether the persons at risk had the opportunity to protect themselves from the harm. (Citations omitted.)
Also crucial to the Supreme Court's determination that the injured student was a foreseeable victim was its finding that "statutory and constitutional mandates demonstrate that children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Id., 648.
A review of the facts alleged in the complaint in the present case, however, reveals that the decedent was not an identifiable person who would be subject to imminent harm. Paragraph 15 of the first count merely alleges that "[a]pproximately thirty (30) minutes prior to said accident, the Defendant, Sergeant Hugh Teel, Jr., an agent and/or employee of the Defendant, Town of Waterford Police Department, observed Patricia Plemons in the parking lot of CT Page 9826 September's Cafe and was advised by Luis Ruiz, a patron of September's Cafe, that Patricia Plemons was incapable of operating an automobile because of her intoxication." The first count lacks any allegations that Teel saw Plemons get into a car and drive away, nor does it state that Teel observed the decedent, or any other passenger, enter a vehicle operated by Plemons.
Taking as true the facts as alleged in the first count, the court cannot find that the decedent was a foreseeable victim to whom Teel owed a special duty. Therefore, the first count must be stricken.
II. Second Count
The second count asserts that Davis was negligent in failing to secure the scene of the accident. The defendants claim that securing a scene of the accident is a discretionary act. The plaintiff claims that it is a ministerial duty.[2]
Neither party has cited any case which supports the party's respective position. The plaintiff, however, attached to her motion a document from the Connecticut Municipal Police Training Council entitled "Fifteen Steps to Accident Investigation," which purports to outline steps that an officer should take when securing an accident scene. This document was not attached to the pleadings and, therefore, the court can not consider it.
The issue of whether an act is ministerial or discretionary is generally a question of fact for the fact-finder that does not lend itself to resolution by a motion to strike. Hixson v. City of Hartford, 6 CSCR 498 (April 22, 1991, Maloney, J.).
The defendants also move to strike the second count on the ground that Davis is statutorily immune from suit pursuant to General Statutes § 52-557n(b)(6), which states, in part:
 Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from . . . (6) the act or CT Page 9827 omission of someone other than an employee, officer or agent of the political subdivision; . . .
The defendants claim Plemons, a third party, caused the decedent's injuries at the scene of the accident when she shook the decedent. In response, the plaintiff claims that the second count does not attempt to hold Davis liable for the actions of Plemons, but for his own failure in not securing the scene of the accident which allowed Plemons to approach. Thus, under the plaintiff's reasoning, § 52-557n(b)(6) is inapplicable because the second count is brought directly against Davis for his own negligent acts.
There have been no appellate court decisions on the applicability of § 52-557n(b)(6) and only a few trial courts have interpreted the statute.
In DaSilva v. City of Bridgeport, 7 CSCR 775 (June 18, 1992, Spear, J.), the court granted the defendant's motion to strike count one of plaintiff's complaint which sought to hold named municipal employees liable for a mugging in a firehouse formerly used by the City of Bridgeport and count two of the complaint which sought to hold the city responsible under General Statutes § 17-465 providing for indemnification by a city for the negligence of its employees. The plaintiff had alleged that the employees were negligent in inspecting and maintaining the firehouse. In ruling on the defendant's motion, the court held that "[t]his statute shields a municipality from liability in a situation as alleged in the first two counts from liability for the tortious or criminal acts of third parties." Id.
In Stowers v. Arrington, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311737S (September 28, 1994, Maiocco, J.), the court denied the defendant's motion to strike a negligence claim brought against a school crossing guard when a child pushed another child into the path of an oncoming vehicle. In reviewing the legislative history of the act, the court, after quotingBeecher v. Prather, 9 CSCR 347 (March 1, 1994, Hodgson, J.), which noted that the legislature specifically rejected language that would have precluded suits brought against municipal employees for negligent supervision, concluded that the statute could not be construed so as to immunize municipal employees from such suits. Even though the injury was caused CT Page 9828 by the physical shoving of a third party, the court read the complaint in a light most favorable to the pleading party and construed the complaint as a claim for negligent supervision.
In the second count, the plaintiff alleges that as Davis was trying to stabilize the defendant, Plemons wandered up to them and forcibly shook the decedent by the shoulders. The count further alleges that the shaking caused the decedent's head to wobble back and forth which interrupted her cervical cord and contributed to her death. The count then states that "[s]aid injury causing the Plaintiff's decedent's death was due to the negligence and carelessness of the Defendant, Officer John Davis, in that he failed to secure the scene of said accident before attending to the Plaintiff's decedent."
The quoted language demonstrates that the second count is brought against Davis for failing to properly supervise and secure the scene of the accident which allowed Plemons to approach. The question of whether the decedent's injuries were the result of the negligence of Davis or Plemons is a question of proximate cause which must be decided by the jury. As our Supreme Court stated in Doe v. Manheimer, 212 Conn. 748,757 (1989):
 Conclusions of proximate cause are to be drawn by the jury and not by the court. It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion; if there is room for a reasonable disagreement the question is one to be determined by the trier of fact. (Citations omitted; internal quotation marks omitted).
Viewing the pleadings in the light most favorable to the plaintiff, the second count attempts to hold Davis liable for his own negligence in not securing or supervising the scene properly. Thus, § 52-557n(b)(6) has no application to the facts of this case and the second count is, therefore, properly pled.
III. Third Count
The third count is a claim for indemnification brought against the Town of Waterford. Such a claim must be brought pursuant to General Statutes § 7-465. CT Page 9829
Practice Book § 109A states that "[w]hen any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." The third count does not reference § 7-465 and, therefore, is improperly pled. CONCLUSION
For the reasons stated above, the defendants' motion to strike the first, second and third counts of the plaintiff's complaint is granted as to counts one and three, and denied as to count two.
Hendel, J.